STATE of Missouri, Respondent,

v.

George RICKETTS, Appellant.

No. WD 55268.

Missouri Court of Appeals,
Western District.

Dec. 15, 1998.

Bruce W. Simon, Kansas City, MO for appellant.

John M. Morris, Asst. Attorney General, Jefferson City, MO for respondent.

Before RIEDERER, P.J., LOWENSTEIN and LAURA DENVIR STITH, JJ.

RIEDERER, Judge.

George Ricketts appeals from his conviction, in a bench-tried case, for possession of a controlled substance. Appellant claims that the trial court erred in allowing several exhibits to be admitted into evidence, which were allegedly the product of an unlawfully executed search and seizure. Because we find that under the circumstances of this case, the forced entry was unreasonable under the Fourth Amendment, we reverse.

## Facts

Appellant was charged by information with count one, sale of a controlled substance, in violation of § 195.211 [1], and count two, possession of a controlled substance with intent to sell, also in violation of § 195.211. The State dismissed count one, with prejudice, to protect the identity of its confidential informant.

On approximately April 6, 1996, the police obtained information from a confidential informant, that a man by the name of George, with the last name of Rickins or Riggins, was involved in the sale of large amounts of marijuana. Upon receiving this information, the police set up a narcotics purchase with the confidential informant. After the purchase, the police field tested the substance in the white plastic bag and determined it to be marijuana. Based upon this purchase and the field test, the police applied for and received a search warrant for 11711 Belmont.

On April 19, 1996, at approximately 7:00 a.m., the police executed the search warrant for 11711 Belmont. Six or seven police officers congregated on the front porch of the residence. The police did not knock on the

---

1. All statutory references are to RSMo.1994, unless otherwise indicated.

door, but an unidentified police officer or officers, stated, "Police, search warrant." After a matter of seconds, the police forced open the front door and entered the premises. The police found Appellant, his wife, and an unidentified individual inside the house. The police recovered a loaded Taurus .38 caliber revolver, a loaded 9 millimeter pistol, a Norinco 7.62 assault rifle and 30 rounds of ammunition in a magazine, a Cobray 9 millimeter M111 assault rifle and 11 rounds of ammunition in a magazine, a Marlin .22 caliber rifle, approximately 500 grams of marijuana, approximately $23,000 in U.S. currency, an electronic scale, Appellant's 1040 U.S. tax returns forms, three boxes of Ziploc storage bags, and a triple beam scale.

On February 26, 1997, Appellant filed a motion pursuant to § 542.296 to suppress the evidence seized from 11711 Belmont, claiming *inter alia* that "the search warrant was illegally executed by the officers", and that the search and seizure was conducted in derogation of "the Defendant's rights pursuant to Section 15, Article I of the Constitution of the State of Missouri and the Fourth and Fourteenth Amendments to the Constitution of the United States." At the hearing on May 9, 1997, concerning Appellant's motion to suppress, Appellant claimed that Respondent had not introduced any evidence of compliance with the requirements of execution, pursuant to *Wilson v. Arkansas*, 514 U.S. 927, 115 S.Ct. 1914, 1918, 131 L.Ed.2d 976 (1995). A conference between counsel and the trial judge clarified that the issue was whether the search violated the Fourth Amendment "knock and announce" requirements under *Wilson* and *Richards v. Wisconsin*, 520 U.S. 385, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997). The trial court allowed the State to reopen evidence, over the objection of Appellant, to adduce evidence related to the execution of the search warrant. The court subsequently issued an order overruling Appellant's motion to suppress. The trial was held on September 3, 1997. During the trial, Appellant objected to the admission of the evidence seized under the warrant based on the Missouri Constitution and the Fourth and Fourteenth Amendments to the United States Constitution. Appellant was found guilty of possession of a controlled substance with intent to sell. The court sentenced Appellant to fifteen years imprisonment, suspended the execution of sentence, and placed Appellant on probation for three years. This appeal ensued.

## Standard of Review

Section 542.296.5(4) provides that a motion to suppress may be based on the grounds that the warrant was illegally executed. "In a hearing to suppress evidence as having been obtained through an unlawful search and seizure, the State has the burden of showing that the motion should be denied. § 542.296.6, RSMo 1994." *State v. Hernandez*, 954 S.W.2d 639, 642 (Mo.App.1997). Thus, in this case, the State had the burden to show that the motion should be denied. In our review of the trial court's ruling on a motion to suppress, this court is limited to determining whether there is sufficient evidence to sustain the trial court's finding. *State v. Roberts*, 957 S.W.2d 449, 452 (Mo. App.1997). We review under an abuse of discretion standard. *Id.* We will reverse only if the trial court's judgment is found to be clearly erroneous. *Id.* Although we review the facts under a clearly erroneous standard, the issue of whether the Fourth Amendment has been violated is a question of law, *State v. Slavin*, 944 S.W.2d 314, 317 (Mo.App. 1997), and we review questions of law *de novo*. *State v. Rousan*, 961 S.W.2d 831, 845 (Mo. banc 1998).

## Knock and Announce

Appellant claims in his sole point on appeal that the trial court erred in admitting evidence seized at 11711 Belmont because it was the product of an unlawfully executed search and seizure. Specifically, Appellant contends that the police failed to properly follow the "knock and announce" procedure required by Article I, § 15 of the Missouri Constitution and the Fourth Amendment to the United States Constitution when executing a search warrant at a dwelling.

"The Fourth Amendment provides the same guarantees against unreasonable search and seizures as article I, section 15 of the Missouri Constitution." *State v. Da-*

*mask,* 936 S.W.2d 565, 570 (Mo. banc 1996). Therefore, any analysis of search and seizure questions under the Fourth Amendment is identical to search and seizure questions arising under Missouri law. *Id.*

The Fourth Amendment to the Constitution declares that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "Knock and announce" analysis has become a part of Fourth Amendment jurisprudence. In *Wilson v. Arkansas,* 115 S.Ct. at 1915, Justice Thomas, writing for a unanimous Court, held that the common law knock and announce principle forms a part of the reasonableness inquiry under the Fourth Amendment. Even with a search warrant, the method of entry into a residence may render the subsequent search and seizure violative of the Fourth Amendment. *Id.* In some circumstances, an officer's unannounced entry into a home might be unreasonable under the Fourth Amendment. *Id.* There is no rigid rule requiring announcement in every case, for that would ignore legitimate countervailing law enforcement interests. *Id.* at 1918. Rather, unannounced entry may be justified when, for example, there is a threat of violence or where the police have reason to believe that evidence would likely be destroyed. *Id.* at 1919. The Supreme Court, thus "leave[s] to the lower courts the task of determining the circumstances under which an unannounced entry is reasonable under the Fourth Amendment. *Id.*"

In *Richards,* 117 S.Ct. at 1418, Justice Stevens, writing for a unanimous Court, clarified *Wilson,* noting that "the Fourth Amendment incorporates the common law requirement that police officers must knock on the door and announce their identity and purpose before attempting forcible entry." *Id.* In each case, it is the duty of a court confronted with the question to determine whether the facts and circumstances of the particular entry justified dispensing with the knock and announce requirement. *Id.* at 1421. "In order to justify a 'no knock' entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would [allow] the destruction of evidence." *Id.* This standard, as opposed to a probable cause requirement, strikes the appropriate balance between the legitimate law enforcement concerns at issue in the execution of search warrants and the individual privacy interests affected by no-knock entries. *Id.* at 1421–22. "This showing is not high, but the police should be required to make it whenever the reasonableness of a no-knock entry is challenged." *Id.*

In *U.S. v. Ramirez,* 523 U.S. 65, ——, 118 S.Ct. 992, 996, 140 L.Ed.2d 191 (1998), Chief Justice Rehnquist, writing for a unanimous Court, confirmed that a no-knock entry "is justified if the police have a 'reasonable suspicion' that knocking and announcing would be dangerous, futile, or destructive to the purposes of the investigation," and that lower court must shoulder the task of determining the circumstances under which the police may dispense with knocking and announcing.

## A No–Knock Entry

Therefore, in the case before us, the trial court had the task of determining whether, under the circumstances of this particular entry, if the police were justified in dispensing with the requirement that they, "knock on the door and announce their identity and purpose before attempting forcible entry." *Richards,* 117 S.Ct. at 1418.

The issue was put before the trial court when Appellant filed his motion to suppress the evidence seized pursuant to the search warrant executed at his home on April 19, 1996. At the hearing on May 9, 1997, the State had the burden of showing that the motion should be denied. § 542.296.6; *State v. Hernandez,* 954 S.W.2d at 642. The State's burden included showing that the police were justified in dispensing with the requirement that they knock and announce their identity and purpose before attempting forcible entry. *Richards,* 117 S.Ct. at 1421.

Specifically, the State had the burden to show that the police had a reasonable suspicion that knocking and announcing would be dangerous, futile or result in the destruction of evidence. *Id.; Ramirez,* 118 S.Ct. at 996.

Therefore, we examine the evidence adduced by the State at the hearing to determine whether, under the facts and circumstances of this particular entry, the State had a reasonable suspicion that knocking and announcing their presence and purpose would have been dangerous, futile, or result in the destruction of evidence.

The State argues that the "knock and announce" requirements of the Fourth Amendment were not violated because "the testimony was that the officers knocked and announced and that they waited at least eight to fifteen seconds before forcibly entering Appellant's house." However, a careful reading of the record reveals no such testimony. Although someone said, "police, search warrant" in a loud voice, there is no evidence at all that the police ever knocked on the door.

During the suppression hearing, a detective testified that he was standing in the front yard of Appellant's house when the search warrant was executed. The detective stated that at approximately 7:10 a.m., six or seven police officers congregated on the concrete stoop in front of Appellant's front door. The detective testified that he heard an unidentified police officer say in a loud voice, "police, search warrant." The detective testified that the amount of time which elapsed after the time of the announcement and before the door was rammed or kicked in was, "[e]ight, nine, maybe ten seconds." On cross-examination, the following colloquy took place between Appellant's counsel and the detective:

Q: ... It could not have been more than ten seconds according to your testimony?

A: It could have been more than ten seconds.

Q: Your recollection, however, was originally seven to ten seconds?

A: I said eight to ten. It could have been 12. It could have been 15. But I believe it was eight to ten seconds.

Q: Could perhaps it have been five?

A: No.

Q: You weren't wearing a watch?

A: No, I wasn't.

Q: So it was just an estimate of the time?

A: It's my estimate, yes.

Q: You were not focusing on the amount of time that elapsed before the announcement which you said was made and the time the door was forced?

A: Not really, no.

Q: So it was only today, some one year after the fact, without police reports to aid you, with no notes present at the time that the incident occurred, that you are testifying that it was between eight and ten seconds between the time the announcement was made and the time the door was forced?

A: That's true.

▮ The detective in this case did not testify that the officers knocked on Appellant's door during the execution of the search warrant, nor is it reflected anywhere in the record that the officers ever knocked. The Fourth Amendment requires that the police both "knock on the door and announce their identity." *Richards,* 117 S.Ct. at 1418. The record show the police did not do so here. The evidence in this case shows that there was a no knock entry and, therefore, the State must show exigent circumstances to justify dispensing with the requirement that they knock and announce their presence and purpose. *Ramirez,* 118 S.Ct. at 996.

### No Exigent Circumstances

▮ Respondent justifies the forced entry by claiming it was reasonable since 1) the officers were searching for a suspected drug trafficker; 2) they found multiple weapons and large amounts of ammunition inside; 3) it was a felony drug investigation; 4) Appellant was believed to be at home; 5) officers were in a vulnerable position on the porch; and 6) drugs are a disposable item. In order to determine whether the State met its burden in response to the motion to suppress, we must analyze each of the State's arguments justifying the forced no knock entry.

First, the State offers that the police were searching for a suspected drug trafficker. However, Appellant does not have any prior convictions, and the police were not notified of any particular safety concerns posed by Appellant. There is no blanket exception to the "knock and announce" requirement for drug cases. *Richards*, 117 S.Ct. at 1421. Second, the State argues that the police found multiple weapons and large amounts of ammunition inside the house. However, facts which become known only after entry cannot justify the decision to force entry. *U.S. v. Lucht*, 18 F.3d 541, 551 (8th Cir.1994). Even if the police had a reasonable belief that firearms may have been in the house, that fact standing alone is an insufficient reason to justify excusing the knock and announce requirement. *U.S. v. Murphy*, 69 F.3d 237, 243 (8th Cir.1995). Third, the State offers that this was a felony drug investigation. As noted *supra*, the Supreme Court rejected a blanket exception to the knock and announce requirement in felony drug cases. *Richards*, 117 S.Ct. at 1421. The Court stated, "while drug investigation frequently does pose special risks to officer safety and the preservation of evidence, not every drug investigation will pose these risks to a substantial degree." *Id.* Forced entries in drug investigations are subject to the same Fourth Amendment scrutiny as in other cases. Fourth, the State claims that Appellant was believed to be at home. This might be a reasonable justification for forced entry if the police had a specific reason to believe that Appellant was violent or had firearms on the premises, or that Appellant had prior convictions for violent or gun-related charges. However, the record shows that none of these concerns existed at the time of the forced entry.

Fifth, the State maintains that the officers were in a vulnerable position on the porch. Again, this might be a valid justification if there were any specific facts in the record which indicated that the police were in fear of their safety. However, there is no such evidence in the record. Finally, the State claims that drugs are disposable. Some drugs are easier to dispose of than others. For instance, a substantial quantity of cocaine could be disposed of quickly. However, it would be more difficult to quickly dispose of the 500 grams of marijuana found in this case. The record is devoid of any evidence that the drugs sought with the search warrant in this case could be disposed of easily or that the officers executing the search warrant believed as much. In *Richards*, the Supreme Court stated that if drugs are of a type that make them impossible to destroy quickly, the asserted governmental interest in preserving evidence may not outweigh the individual privacy interests intruded upon. *Id.* Here, however, there is no evidence in the record that the drugs suspected of being on the premises could or would be quickly destroyed if the police knocked and announced. The State did not produce any evidence that the police had a reasonable suspicion that knocking and announcing their presence and purpose would have been dangerous, futile or result in the destruction of evidence. Nor was their any evidence of any other exigent circumstances.

### Conclusion

The balance between individual privacy rights and the governmental interest in preserving evidence and maintaining the safety of police officers and citizens is a difficult and important task. If it were otherwise, the Supreme Court in *Richards*, would not have prescribed lower courts confronted with the question to determine whether the facts and circumstances of each particular case justified dispensing with the knock-and-announce requirement. *Id.*

We find that under the circumstances of this case, the forced entry was unreasonable under the Fourth Amendment. Therefore, we hold that the trial court erred in overruling Appellant's motion to suppress. The judgment of conviction must be reversed since it was based on evidence that was the fruit of an unlawful search conducted pursuant to a warrant executed in violation of the Fourth Amendment. We reverse and remand this case to the trial court for further proceedings consistent with this opinion.

LOWENSTEIN and LAURA DENVIR STITH, JJ., concur.