STATE of Missouri, Respondent,

v.

Lloyd HAMILTON, II, Appellant.

No. 23661.

Missouri Court of Appeals,
Southern District,
Division Two.

April 11, 2001.

Irene Karns, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Asst. Atty. Gen., Jefferson City, for respondent.

RAHMEYER, Judge.

On September 15, 1998 in a bench trial, Appellant was convicted of possession of a controlled substance with intent to distribute. Appellant appealed that conviction on two grounds. *State v. Hamilton*, 8 S.W.3d 132, 135 (Mo.App. S.D.1999). Appellant argued that he had not clearly waived his right to a jury trial. *Id.* at 134. We agreed and reversed for a new trial. *Id.* Appellant's other point in his first appeal is described in the published opinion.

> Defendant's Point I contends that the officers who executed the search warrant failed to knock and announce their presence. He argues that this action violated his right to be free of unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the U.S. Constitution and article I, section 15 of the Missouri Constitution. He claims the trial court erred in denying his motion to suppress evidence and in admitting the material to which the motion was directed in evidence.

*Id.* at 135. This court stated, "Although it has no bearing on the outcome of this appeal, defendant's claim that the trial court erred in denying defendant's motion to suppress evidence will likely be an issue in any future trial. For that reason, it will be reviewed." *Id.* at 134. That review covered over two full pages of the published opinion. *Id.* at 134–37. The court concluded that Appellant's point had no merit. *Id.* at 137.

On April 18, 2000, a jury convicted Appellant of the same charge. Appellant argues one point on this appeal:

> The trial court erred in overruling appellant's motion to suppress his statements and evidence seized at his residence, and the objections at trial to the admission of such evidence, because appellant's right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 15 of the Missouri Constitution, was violated when the police battered their way into appellant's apartment without first knocking. The manner of executing the search warrant was unlawful in that the facts and circumstances of appellant's case did not justify the police entering his residence without first knocking and announcing their presence and purpose, and the evidence should have been excluded because it was obtained in violation of appellant's constitutional rights.

The threshold issue on this appeal is whether the rejection of Appellant's point relied on regarding the search in the original appeal bars the same issue from being heard now. We hold that it does and affirm the trial court.

The "law of the case" doctrine holds that a decision by an appellate court is the law of the case and any relitigation of the same issue is precluded. *State v. Graham*, 13 S.W.3d 290, 293 (Mo. banc 2000). The decision of the appellate court is the law of the case for all points decided by that court in any subsequent litigation. *Id.* The doctrine prevents issues decided on a first appeal from being readdressed on a second appeal. *Lehnig v. Bornhop*, 896 S.W.2d 714, 715 (Mo.App. E.D.1995). If the matter could have been raised in the first appeal but was not, the law of the case precludes it from being addressed on the second appeal. *Bellon Wrecking & Salvage Company v. David Orf, Inc.*, 983

S.W.2d 541, 546 (Mo.App. E.D.1998). An exception can be made if there is a change in the issues or evidence after the first appeal. *Id.* Similarly, the appellate court can choose not to apply the doctrine if there is a mistake, manifest injustice, or an intervening change of the applicable law. *Graham,* 13 S.W.3d at 293.

Appellant's argument in this appeal is the same as in the original appeal. This court rejected that point. *Hamilton,* 8 S.W.3d at 137. In his brief Appellant "acknowledges that the doctrine of the law of the case may be dispositive of the issue...." Appellant goes on to state that he "repeats the argument in this successive appeal to rebut any inference that the claim is waived." Appellant does not point to any change in the issues, evidence, or law since the first appeal. He does not claim mistake. He does not argue that there will be a manifest injustice if the issue is not reconsidered. Appellant's desire not to waive the argument does not effect our analysis. We see no reason why the law of the case doctrine should not apply.

We find that the doctrine of law of the case is applicable. Because the exact issue was previously decided by this court, Appellant cannot raise it again. The trial court's judgment is affirmed.

GARRISON, J., and BARNEY, C.J., concur.