**STATE of Missouri, Respondent,**

v.

**Anthony BACON, Appellant.**

No. WD 62384.

Missouri Court of Appeals,
Western District.

Jan. 11, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 1, 2005.

Michael E. Reardon, Kansas City, MO, for appellant.

Andrea K. Spillars, Jefferson City, MO, for respondent.

Before ELLIS, C.J., BRECKENRIDGE and EDWIN H. SMITH, JJ.

JOSEPH M. ELLIS, Judge.

Anthony Bacon appeals from his conviction by jury of one count of class C felony possession of a controlled substance (more than thirty-five grams of marijuana), § 195.202; one count of attempted manufacture of a controlled substance (hashish), § 195.211; and one count of class C felony possession of a controlled substance (cocaine), § 195.202. Appellant was sentenced to consecutive terms of seven years imprisonment on the first count, fifteen years on the second count, and one year on the third count.

In February 2001, Appellant and his wife purchased a house at 7506 North Sycamore in Kansas City, Missouri. On June 1, 2001, the couple separated, and Appellant's wife and son moved out of the

house. By June 15, 2001, two women, Tara King and Lori Klocke, had moved into the house with Appellant.

On June 15, 2001, acting on a tip, detectives with the Kansas City, Missouri, Police Department sent a confidential informant into Appellant's home to attempt to purchase narcotics. The informant purchased a 0.1 gram rock of crack cocaine from someone inside the house.

On June 19, 2001, one of the detectives involved in the June 15, 2001 operation applied for a warrant to search the house at 7506 North Sycamore. In the detective's affidavit, she described the drug purchase that had occurred on June 15 and noted that the confidential informant had stated that she had seen the occupants of the residence armed with a handgun in the past. After reviewing the application, the Circuit Court of Clay County issued a no-knock warrant allowing the police to search the home at 7506 North Sycamore for cocaine; firearms; U.S. currency in close proximity to narcotics; the two twenty dollar bills that had been used by the confidential informant to purchase the crack cocaine; narcotics paraphernalia; any items used in the preparation, packaging or distribution of cocaine; documents related to drug trafficking; and indicia of occupancy, residency, ownership and/or control over the premises.

The search warrant was executed on June 19, 2001, by the police department's Tactical Squad and Gang Squad. Members of the tactical squad broke the glass storm door and then used a ram to force open the front door to the house. Prior to entering, officers detonated a "distraction device" in the living room. As he entered the house and made his way through it, Detective James Svoboda saw Appellant and Lori Klocke standing in the kitchen and ordered them to get down on the ground and place their hands on their heads. Both complied with those orders. Shortly thereafter, officers handcuffed Appellant and Klocke and took them outside.

After officers were satisfied that the premises were secure, they conducted a search of the house. A piece of a beige, rock-like substance the size of a small pebble was found on the floor of the kitchen along the southeast wall. Five to ten smaller pieces of the substance were recovered from the floor of the kitchen underneath the table. Lab analysis later revealed the substance to be 0.1 grams of cocaine base.

In the garage, officers found four bags of a leafy, green substance, later determined to be 2,100 grams of marijuana in a cardboard box. In another cardboard box, they found three gallon-sized jars containing a leafy, green substance and a liquid. That substance was also determined to be marijuana.

In the master bedroom officers found a wallet containing Appellant's driver's license on the top of a dresser next to the bed. In a cabinet by the bed, officers recovered a .357 caliber handgun that was registered to Appellant. In the master bathroom, on the counter next to the sink, officers recovered a small, round tin containing a leafy, green substance, later found to be 20 grams of marijuana.

In an attic space accessed through a panel in the wall of the master closet, officers recovered a bag containing a leafy green substance, later determined to be 160 grams of marijuana, under a floorboard.

Appellant was subsequently charged by information with class B felony possession of a controlled substance with the intent to distribute related to the marijuana recovered in the search. He was charged with one count of class B felony manufacturing of a controlled substance based upon the

jars containing marijuana and the clear liquid, which the information asserted was an attempt at manufacturing hashish. Finally, Appellant was charged with one count of class C felony possession of a controlled substance with regard to the cocaine base recovered in the kitchen.

Appellant was tried by jury on November 4 and 5, 2002. The jury convicted Appellant of two counts of class C felony possession of a controlled substance related to the marijuana and cocaine found in the home and of one count of class B felony attempted manufacture of hashish related to the gallon jars containing marijuana and a liquid. Appellant was sentenced to consecutive terms of seven years imprisonment on the marijuana possession count, fifteen years on the attempted manufacture of hashish count, and one year on the cocaine possession count.

In his first point, Appellant contends that his convictions are not supported by sufficient evidence that he possessed any of the drugs found in the house. Appellant argues that the State failed to prove that he had actual or constructive possession of any of the various narcotics uncovered during the search.

■■■ "When a criminal defendant challenges the sufficiency of the evidence to support his conviction, our review is limited to determining whether sufficient evidence was admitted at trial from which a reasonable trier of fact could have found each element of the offense to have been established beyond a reasonable doubt." *State v. Chavez,* 128 S.W.3d 569, 573 (Mo. App. W.D.2004). "[T]he function of the reviewing court is not to reweigh the evidence, but to determine if the conviction is supported by sufficient evidence." *State v. Mann,* 129 S.W.3d 462, 467 (Mo.App. S.D. 2004) (citing *State v. Agee,* 37 S.W.3d 834, 836 (Mo.App. S.D.2001)). "In making that determination, we must view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict and disregard all evidence and inferences to the contrary." *Chavez,* 128 S.W.3d at 573.

In assessing the sufficiency of the evidence to support Appellant's convictions, we must analyze each of the counts against him separately to determine whether sufficient evidence was presented to support that conviction. We first consider whether the evidence sufficiently supported Appellant's conviction for possession of over 35 grams of marijuana.

■■■ Possession or control of more than 35 grams of marijuana, a controlled substance, is a class C felony under § 195.202. " 'In order to establish possession, the State must show (1) a conscious and intentional possession of a controlled substance, either actual or constructive, and (2) an awareness of the presence and nature of the substance.' " *Id.* Both possession and awareness may be established through circumstantial evidence. *State v. Foulks,* 72 S.W.3d 322, 324 (Mo.App. S.D. 2002).

■■■ " 'Actual possession of a substance is where the person has the substance on his person or within his easy reach and convenient control.' " *Chavez,* 128 S.W.3d at 574 (quoting *State v. Rollett,* 80 S.W.3d 514, 521 (Mo.App. W.D.2002)). In the case at bar, the evidence did not establish that Appellant was in actual possession of any of the controlled substances found in the house.

■■■ Accordingly, we must determine whether the State sufficiently demonstrated that Appellant had constructive possession of the various controlled substances. " 'Constructive possession is where a person has the power and intention at a given time to exercise dominion or control over

the substance either directly or through another person or persons.'" *Id.* (quoting *Rollett,* 80 S.W.3d at 521). "Constructive possession requires, at a minimum, evidence that Defendant had access to and control over the premises where the drugs were found." *State v. Morris,* 41 S.W.3d 494, 497 (Mo.App. E.D.2000).

"Exclusive possession of the premises raises an inference of knowledge and control." *State v. Hendrix,* 81 S.W.3d 79, 83 (Mo.App. W.D.2002). However, where the defendant does not have exclusive control over the premises, "[t]he mere presence of the accused on shared premises where contraband is found is not enough circumstantial evidence to show ownership or possession." *State v. Kimberley,* 103 S.W.3d 850, 858 (Mo.App. W.D. 2003). "Where the defendant shares possession of the premises with others, as was the case here, additional evidence of some incriminating circumstances must also be presented to permit the inference of knowledge and control over the substance." *Hendrix,* 81 S.W.3d at 83. Some of the types of additional evidence that may suffice to support a conviction where there is joint control of the premises are "routine access to an area where such substances are kept, the presence of large quantities of the substance at the scene where appellant is arrested, admissions of the accused, . . . being in close proximity to drugs or drug paraphernalia in plain view of the police, [and the] mixture of defendant's personal belongings with the drugs." *Morris,* 41 S.W.3d at 497 (internal citations omitted). "The totality of the circumstances is considered in determining whether sufficient additional incriminating circumstances have been proven." *Foulks,* 72 S.W.3d at 325.

With regard to the marijuana found in the tin in the master bathroom, the evidence was clearly sufficient to support a finding that Appellant exercised constructive possession over it. Several police officers testified that the master bathroom appeared to have a male occupant based upon the fact that they noticed male clothing and hygiene items therein and did not observe any female items. Appellant's own testimony reflects that there were no other male occupants of the house aside from himself, and Appellant admitted that his cologne was on the counter next to the sink where the tin was recovered. Furthermore, a wealth of evidence reflected that Appellant occupied the master bedroom through which the master bathroom had to be accessed. Several police officers testified that that room was filled with male clothing and other male items and that they did not observe any female items in the room. Appellant's wallet containing his driver's license was found on top of a dresser next to the bed, and a handgun registered to Appellant was found in cabinet in the room. In addition, the closet in the master bedroom was filled with men's clothing that Appellant admitted was his own. Based on the foregoing evidence, the jury could reasonably have determined that Appellant was the sole occupant of the master suite and that he had the exclusive use of the master bathroom.[1] Accordingly, the record reflects

---

1. In arguing to the contrary, Appellant wholly disregards our standard of review. Appellant relies upon testimony offered by himself and his wife to support his claim that one of his female tenants, and not himself, was the sole occupant of the master suite. Appellant's reliance on this evidence is misplaced. The jury was not required to find any of that any of the testimony offered by Appellant or his wife was credible or to afford it any weight, *State v. Kimberley,* 103 S.W.3d 850, 857 (Mo. App. W.D.2003), and on appeal, this Court is required to view the evidence in the light most favorable to the verdict and to disregard all evidence and inferences to the contrary.

that Appellant had access to and control over the master bathroom and that items belonging to him were in close proximity to the tin containing the marijuana. Given the totality of the circumstances, we find that the evidence sufficiently supported a finding that Appellant had constructive possession of that marijuana.

Similarly, we find that the totality of the circumstances supports a finding that Appellant exercised constructive control over the bag of marijuana found in the attic. That bag was found just inside the door to the attic from the master closet. As noted *supra*, the evidence reflects that the master closet was filled with Appellant's personal items and did not contain items owned by anyone else. Given the close proximity of the marijuana to Appellant's personal effects and the reasonable inference of his exclusive access and control over the master bedroom and closet through which the attic had to be accessed, the evidence supports a finding that Appellant had constructive possession of the bag of marijuana.

Since the total weight of the marijuana found in the master bathroom and in the attic was well in excess of 35 grams, Appellant's conviction for possession of over 35 grams of marijuana is sufficiently supported by the evidence.[2] Accordingly, that conviction is affirmed.

Appellant was also convicted of possession of a controlled substance under § 195.202 with regard to the cocaine base found on the kitchen floor in the house.

In support of that charge, the State presented Detective Svoboda's testimony that Appellant and Klocke were standing in the kitchen when he entered the home and that Appellant and Klocke had complied when they were told to get down on the ground and place their hands on their heads. The State also presented evidence that a piece of cocaine base the size of a small pebble was recovered from the floor underneath the kitchen table along with five to ten smaller pieces of cocaine base after Appellant and Klocke were handcuffed and taken outside.

"The mere presence of the accused on shared premises where contraband is found is not enough circumstantial evidence to show ownership or possession." *Kimberley*, 103 S.W.3d at 858. Further evidence must be presented connecting the defendant with the contraband. *State v. May*, 71 S.W.3d 177, 184 (Mo.App. W.D. 2002). "In order to show that a person in joint control of the premises knows about the presence of illegal substances and has control over those items, the state must present evidence of 'some incriminating circumstance' that raises the inference of such knowledge and control." *State v. West*, 21 S.W.3d 59, 63 (Mo.App. W.D. 2000). " '[P]roximity to the contraband alone fails to prove ownership.' " *State v. Farris*, 125 S.W.3d 382, 392 (Mo.App. W.D.2004).

▉ The State failed to present any evidence connecting Appellant to the cocaine base aside from his mere presence,

---

*State v. Chavez*, 128 S.W.3d 569, 573 (Mo. App. W.D.2004).

Moreover, even if Appellant's testimony were believed, at most it establishes that he shared control of the bedroom with one of the women. Appellant admitted that he kept most of his clothes in that room and that he regularly accessed the room and the closet to get his clothes. He further admitted that

some of his personal hygiene items were present in the bathroom.

2. Because the marijuana found in the attic and in the master bathroom provide sufficient evidence to sustain Appellant's conviction, we need not consider whether sufficient evidence was presented to establish Appellant's possession of the marijuana found in bags in the garage.

along with another person,[3] in the room in which it was found. Detective Vincent testified that the cocaine base appeared to have been thrown on the floor but that he had no idea who had thrown the cocaine base on the floor. No testimony was offered indicating where Appellant or Klocke was located in the room in relation to where the cocaine was found. Indeed, nothing in the record indicates that it was more likely that Appellant had thrown the cocaine base on the floor than it was that Klocke had thrown it.

The record also leaves open the possibility that the cocaine base may have been on the floor prior to the entry of the officers into the house. The total amount of cocaine base that was recovered weighed 0.1 gram. The record reflects that the largest piece of cocaine base that was recovered was the size of a small pebble and that all of the cocaine base was recovered from the floor underneath the kitchen table. No evidence was introduced establishing that the presence of the cocaine on the floor of the kitchen would be apparent to a person standing in the room or even sitting at the kitchen table.

Under the totality of the circumstances, we simply do not find sufficient evidence to establish Appellant's knowledge of or control over the cocaine base recovered from the kitchen floor. *See May,* 71 S.W.3d at 185. Accordingly, that conviction must be reversed.

We next turn to Appellant's conviction for attempted manufacture of a controlled substance related to the jars containing marijuana and a liquid substance that were found in a box in the garage. According to evidence in the record, this is a step in the manufacture of hashish. While not disput-ing that the evidence establishes that someone was manufacturing hashish in the home, Appellant contends that the evidence is insufficient to establish that he had knowledge of or control over those jars.

The same standards regarding actual or constructive possession applied to possession cases are also applicable to manufacturing cases. *West,* 21 S.W.3d at 64; *State v. Tilley,* 104 S.W.3d 814, 821 (Mo.App. S.D.2003). "If actual possession is not present, as in this case, constructive possession of the drugs or the drug components and apparatus will satisfy this burden if other facts exist which buttress the inference of the defendant's requisite mental state." *State v. Withrow,* 8 S.W.3d 75, 80 (Mo. banc 1999).

"When the accused shares control over the premises, as here, further evidence is needed to connect him to the manufacturing process." *Id.* "The mere fact that a defendant is present on the premises where the manufacturing process is occurring does not by itself make a submissible case." *Id.* "There must be some incriminating evidence implying that the defendant knew of the presence of the manufacturing process, and that the materials or the manufacturing process were under his control." *Id.*

The record establishes that Appellant shared joint control over the house with at least one other occupant.[4] Thus, we must determine whether evidence was presented in addition to his joint control over the premises and his presence in the house at the time of the search that would tie him to the jars.

---

3. Appellant introduced evidence that Klocke had been charged with possession of the cocaine base and had entered a plea on a lesser charge.

4. Appellant testified that Tara King had left the home after a confrontation with him a few days before the search and that she had taken some of her belongings with her.

While the jars contained a fairly large amount of marijuana, they were located inside of a closed cardboard box and were not in plain view. No evidence was presented at trial indicating that Appellant had superior access to or control over the garage area. No evidence was presented indicating that any of the items found in or around the box belonged to Appellant. In fact, no evidence was presented related to the ownership of any of the other items that were found in the garage. The record does not even indicate whether Appellant regularly parked his truck in the garage. In short, the State failed to present any evidence establishing Appellant's possession of the jars aside from his joint control over the premises and his presence in the house when the warrant was executed. That evidence is insufficient to support his conviction. *Id.* at 80–81. Even taking into account Appellant's possession of marijuana in another part of the home, the totality of the circumstances is not sufficient to establish Appellant's knowledge of or control over the jars in the garage. *See West,* 21 S.W.3d at 66. Accordingly, Appellant's conviction for attempted manufacture of a controlled substance must be reversed.

In his second point, Appellant claims that the police failed to properly comply with the "knock and announce" procedure required by the Fourth Amendment to the United States Constitution and Article I, § 15 of the Missouri constitution in executing the search warrant on his home. Appellant contends that the trial court, therefore, erred in admitting into evidence the items seized from his house because they were the fruit of an unlawfully executed search and seizure.

"The Fourth Amendment to the Constitution declares that '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'" *State v. Ricketts,* 981 S.W.2d 657, 660 (Mo.App. W.D.1998) (quoting *U.S. Const. amend. IV*). "The Fourth Amendment provides the same guarantees against unreasonable searches and seizures as article I, section 15 of the Missouri Constitution." *State v. Hamilton,* 8 S.W.3d 132, 136 (Mo.App. S.D.1999). Therefore, any "analysis of search and seizure questions under the Fourth Amendment is identical to an analysis of those questions arising under Missouri law." *Id.*

" '[T]he Fourth Amendment incorporates the common-law requirement that police officers must knock on the door and announce their identity and purpose before attempting forcible entry.'" *Ricketts,* 981 S.W.2d at 660 (quoting *Richards v. Wisconsin,* 520 U.S. 385, 387, 117 S.Ct. 1416, 1418, 137 L.Ed.2d 615 (1997)). "[T]he common law knock and announce principle forms a part of the reasonableness inquiry under the Fourth Amendment." *Id.* However, "[a]lthough the Supreme Court has incorporated the common law 'knock and announce' principle into Fourth Amendment jurisprudence, and acknowledged that the failure to comply with the knock and announce requirement may render an otherwise valid search and seizure invalid, the Court also has recognized that non-compliance will not inevitably offend the Constitution." *State v. Baker,* 103 S.W.3d 711, 718 (Mo. banc 2003). "Where exigent circumstances exist, legitimate law enforcement interests may outweigh an individual's right to be notified prior to police entry." *Id.* If the officers have "a 'reasonable suspicion' that knocking and announcing their presence would be dangerous or futile, or that it would lead to the destruction of evidence," they

are justified in failing to knock and announce their presence prior to entering the premises, and this Court will uphold the constitutionality of the officers' actions. *Id.* at 718–19.

Thus, a criminal defendant may challenge the admission of evidence that had been obtained after a search warrant has been illegally executed. *Ricketts,* 981 S.W.2d at 659. Where such a challenge is raised, the State bears the burden of demonstrating that the police were justified in disregarding the knock and announce requirement before attempting forcible entry. *Id.* at 660. "Specifically, the State [has] the burden to show that the police had a reasonable suspicion that knocking and announcing would be dangerous, futile or result in the destruction of evidence." *Id.* at 661.

On appeal, Appellant contends that the State failed to demonstrate that the police had any such justification for ignoring the knock and announce requirement prior to forcibly entering his home. The principal problem with Appellant's argument from an appellate standpoint is that he failed to raise any such claim prior to or during trial and has thus failed to preserve the issue for appellate review.

When challenging the admission of evidence, " 'a specific objection is required when the evidence is offered at trial to preserve the issue for appellate review.' " *State v. Evenson,* 35 S.W.3d 486, 491 (Mo.App. S.D.2000) (quoting *State v. Cardona–Rivera,* 975 S.W.2d 200, 203 (Mo.App. S.D.1998)). " 'To preserve an objection to evidence for review, the objec-

tion must be specific, and the point raised on appeal must be based upon the same theory.' " *Id.* (quoting *State v. Knese,* 985 S.W.2d 759, 766 (Mo. banc 1999)). " 'Failure to object at the earliest opportunity to the admission of evidence constitutes a waiver of the claim.' " *Id.* (quoting *State v. Stewart,* 17 S.W.3d 162, 166 (Mo.App. E.D.2000)).

While Appellant filed a motion to suppress evidence recovered during the search, that motion merely asserted that the marijuana discovered during the search should be excluded from evidence because the search warrant authorized officers to search for cocaine and did not mention marijuana.[5] At trial, Appellant asked for, and was granted, a continuing objection to the admission of evidence related to the marijuana found in the house for the reason set forth in his motion to suppress. The motion to suppress made no mention of any claim that the officers' failure to knock and announce was improper, nor was any such objection raised when the evidence was offered at trial. Appellant also failed to include such a claim in his motion for new trial. The first and only time Appellant raised any challenge to the admission of evidence based upon the officers' failure to knock and announce occurred during the sentencing hearing, eleven weeks after the jury had reached its verdict—obviously not the earliest time that Appellant could have raised such an objection. Because Appellant failed to raise this claim when the evidence was offered by the State, any such claim has been waived and is not preserved for appellate review.[6] *Id.* Point denied.

---

5. Appellant stipulated that the State had probable cause to support the issuance of the warrant.

6. Had Appellant filed a motion *in limine* on those grounds and/or made a proper objection to the admission of that evidence at trial,

the State would have born the burden of demonstrating that the police officers had a reasonable suspicion that knocking and announcing their presence would be dangerous or futile or that it would result in the destruction of evidence. *State v. Ricketts,* 981

For the foregoing reasons, Appellant's convictions for attempted manufacture of hashish and felony possession of cocaine are reversed. His conviction for felony possession of more than thirty-five grams of marijuana is affirmed.

All concur.

S.W.2d 657, 661 (Mo.App. W.D.1998). The trial court would have conducted an evidentiary hearing at which the State would have been required to demonstrate that extrinsic circumstances existed justifying the police officers' decision not to knock and announce. Because Appellant failed to timely raise the issue, no such hearing occurred, and this Court has no way of knowing what evidence might have been presented by the State on this issue at such a hearing. Consequently, even if Appellant had requested that this

Court to exercise its discretion to review his claim for plain error, the record on appeal is not sufficient to allow for such review. *State v. Cella,* 32 S.W.3d 114, 117 (Mo. banc 2000).