STATE of Missouri, Respondent,

v.

Preston WHITE, Appellant.

No. WD 54686.

Missouri Court of Appeals, Western District.

Jan. 11, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 29, 2000.

Application for Transfer Denied April 25, 2000.

122

Rosemary E. Percival, Asst. Public Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shawn J. Mackel Prang, Asst. Atty. Gen., Jefferson City, for Respondent.

HANNA, Judge.

A jury found the defendant, Preston White, guilty on Count I, of the class B felony of attempting to manufacture a controlled substance, § 195.211, RSMo 1994,[1] and on Count II, of the class D felony of possession of pseudoephedrine with the intent to manufacture methamphetamine, § 195.246, RSMo Cum.Supp.1996. The jury assessed punishment at ten years for the attempt to manufacture methamphetamine, and five years for the possession of pseudoephedrine, and the court sentenced the defendant, in accordance with the verdicts, to consecutive terms of imprisonment. In our original opinion, we affirmed the convictions.

On the defendant's motion for rehearing, the state's response alerted this court to a conflict between the jury instruction defining the offense and the instruction on the range of punishment. The verdict directing instruction for Count I defined "attempt" as a substantial step, a class C felony. It also instructed that upon a finding of guilty, the punishment must be assessed within the range of a class B felony. The jury assessed the maximum punishment, 15 years imprisonment, which is within the range of a class B felony. In light of this discrepancy, this court withdrew its original opinion, and agreed to reconsider the issue.

On resubmission, we requested that the parties rebrief the issues including the propriety of the verdict directing instruction on the charge of attempting to manufacture methamphetamine. Since the original opinion, the Missouri Supreme Court has handed down *State v. Withrow*, 8 S.W.3d 75 (Mo. banc 1999). The issue decided there is applicable to this case. Additionally, the defendant challenges his convictions on double jeopardy grounds and on the failure of the trial court to declare a mistrial when the state's witness testified that the defendant requested to speak with an attorney. The convictions are affirmed.

The following is an abbreviated recitation of the facts, which are stated favorably to the verdicts. At approximately 9:30 P.M., on February 4, 1997, two police officers knocked on the door of a residence in Sedalia that they had under surveillance. Theresa Adams opened the door. The officers identified themselves and entered the house.

One of the officers testified that there was a strong odor of chemicals in the house, which he recognized as a by-product of the manufacture of methamphetamine. There was a sheet hanging between the living room and the kitchen, behind which the officers saw the silhouette of a man crouching in the doorway. Eventually, the defendant and Paul Lutjen came into the living room. The defendant told the officers that he rented the house.[2]

---

1. Statutory references are to RSMo 1994, unless otherwise noted.

2. At trial, Ms. White testified that she rented the house and the defendant, her boyfriend, would visit.

After determining that a clear bag of white, powdery substance belonged to Lutjen, the officers informed all parties of their *Miranda* rights.[3] When police asked if anything would "blow up," the defendant and Lutjen indicated that they had finished "cooking." One of the officers went to the kitchen to get a telephone book for the defendant's use and found another bag containing a white, powdery substance. The defendant admitted that the bag was his. The officers then obtained a search warrant.

During the search, the police found the ingredients and equipment necessary to manufacture methamphetamine, including: empty and full containers of ephedrine and pseudoephedrine pills; bottles which contained pseudoephedrine and methamphetamine solutions; a glass baking dish with a white residue; black iodine or red phosphorous in a plastic bag; Coleman fuel or acetone; red-stained coffee filters; muriatic acid; plastic bags with red stains; a homemade filter used to cut down chemical fumes; and black iodine crystals. They also found a number of empty pill bottles for different brands of pseudoephedrine in the garbage next to the refrigerator. Many full bottles of pseudoephedrine pills were found in a kitchen cabinet. The police also found photocopied chapters of a book entitled "Production of Methamphetamine from Ephedrine."

The officers believed that some of the substances found were in the early stages of the production of methamphetamine, and that other substances seized were in the latter stages of production. The defendant denied any knowledge that methamphetamine was being manufactured in the kitchen.

■ The defendant did not properly preserve his claims of error and, accordingly, our review is pursuant to Rule 30.20. Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom. Rule 30.20. The rule permits plain error review whether the claim of error was briefed or not. *Id.* Where an error so substantially affects the rights of an accused that a manifest injustice results if it is left uncorrected, plain error review is warranted. *State v. Hadley,* 815 S.W.2d 422, 423 (Mo. banc 1991).

■ In his first point, the defendant argues that the circuit court committed plain error in submitting the jury instruction for Count I, the attempt to manufacture a controlled substance, because the instruction defined "attempt" as "a substantial step toward the commission of the offense." He argues that a substantial step toward the commission of the offense is punishable as a Class C felony but that the jury was instructed to assess punishment within the range of a class B felony. Relying on *State v. Reyes,* 862 S.W.2d 377 (Mo.App.1993), and a line of similar cases, the defendant contends that two definitions of attempt exist, and that to be convicted under § 195.211 and punished within the range of a class B felony, that the instruction must have defined "attempt" consistent with the common law definition of engaging "in conduct which nearly approached the consummation of the completed offense."

■ The Missouri Supreme Court has resolved the issue of the definition of "attempt" in specific statutes versus that of the general inchoate offense statute in *State v. Withrow,* where it held:

> The use of the word "attempt" in these various statutes is not an expression of legislative intent to create two levels of attempt to commit an offense. Rather, the use is a signal that in those prosecutions under those particular statutes the maximum punishment was, in the words of sec. 564.011.3, "otherwise provided" for and intended to be greater than that specified in the general inchoate offense statute.

3.  *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Op. at 125–26. "An attempt to commit an offense, regardless of whether the attempt is under sec. 564.011 or under separate provisions proscribing attempting a specified crime, means a substantial step toward the commission of an offense." Op. at 126-27. The court specifically overruled *Reyes*, and the cases that relied on it. Op. at 126-27. The Court noted that with respect to drug offenses, that the legislature intended to punish the crime of attempt the same as if it were consummated. Op. at 125. Thus, the trial court correctly instructed the jury that the definition of attempt was a substantial step. This point is denied.

■ Next, the defendant asserts that his convictions for Count I, attempting to manufacture a controlled substance, and Count II, possession of pseudoephedrine with the intent to manufacture methamphetamine, violated his right to be free from double jeopardy.[4] He claims that pseudoephedrine is a necessary ingredient for the manufacture of methamphetamine. The defendant, therefore, argues that his conviction for attempt to manufacture methamphetamine required proof of possession of pseudoephedrine. Because the defendant did not preserve this claim, he asks us to review this claim as a matter of plain error. Although a constitutional claim is waived if not raised at the earliest opportunity, this court will review under the plain error exception "any case in which we can determine from the face of the record that the court had no power to enter the conviction." *State v. Elliott*, 987 S.W.2d 418, 420–21 (Mo.App.1999)(citing *Hagan v. State*, 836 S.W.2d 459, 461 (Mo. banc 1992)).

■ "The Fifth Amendment, incorporated in and made applicable to the states by the Fourteenth Amendment, ... provides that no one shall be 'subject for the same offense to be twice put in jeopardy of life or limb.'" *State v. McLemore*, 782 S.W.2d 127, 128 (Mo.App.1989) (quoting *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707, 716 (1969)). If the legislature intends to punish the conduct under more than one statute, however, a defendant may be convicted of more than one offense based on the same conduct. *State v. McTush*, 827 S.W.2d 184, 186 (Mo. banc 1992). The legislative intent regarding cumulative sentences is determined by examining the relevant statutes. *State v. Villa–Perez*, 835 S.W.2d 897, 903 (Mo. banc 1992).

The defendant was convicted of an attempt to manufacture a controlled substance pursuant to § 195.211, and of possession of pseudoephedrine with the intent to manufacture pursuant to § 195.246, RSMo Cum.Supp.1996. Since neither § 195.211, nor § 195.246, reveal whether the legislature intended to punish the same conduct under both statutes, both parties agree that Missouri's general cumulative punishment statute, § 556.041, is applicable. *See Villa–Perez*, 835 S.W.2d at 903. Section 556.041, in relevant part, states:

When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each offense. He may not, however, be convicted of more than one offense if

(1) One offense is included in the other, as defined in § 556.046[.]

Section 556.046.1, states that: "An offense is so included when ... [i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]" If each offense requires proof of an element which the other does not, the offenses are not offenses included in the other. Section 556.046.1; *Villa–Perez*, 835 S.W.2d at 903–04; *McTush*, 827 S.W.2d at 188.

■ "Application of double jeopardy analysis ... under ... the multiple offense

---

4. The defendant references this right as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 19 of the Missouri Constitution.

limitation statute, thus requires determination of the facts necessary to prove each offense involved. The analysis focuses upon the statutory elements of each offense, rather than upon the evidence actually adduced at trial." *State v. McLemore,* 782 S.W.2d at 128. Thus, if each of the two offenses contains an element that the other lacks, the defendant may be convicted of both offenses without violating his double jeopardy rights. "Usually the analysis is uncomplicated. The elements of each offense are gleaned from statutory or common law definitions and, then, simply compared." *Id.* at 128–29.

Count I, attempt to manufacture a controlled substance is governed by § 195.211, which provides:

[I]t is unlawful for any person to ... attempt to distribute, deliver, *manufacture* or produce a controlled substance or to possess with intent to distribute, deliver, *manufacture,* or produce a controlled substance.

(Emphasis added).

Count II, possession of pseudoephedrine with the intent to manufacture methamphetamine, is set out under § 195.246.1, RSMo Cum.Supp.1996, which provides:

It is unlawful for any person to possess ... pseudoephedrine, its salts, optical isomers and salts of optical isomers with the intent to manufacture methamphetamine or any of its analogs.

Specifically, the defendant argues that he could not have been in possession of the ingredients needed to manufacture methamphetamine, so as to make him guilty under Count I, without being aware of the presence of pseudoephedrine with the intent to manufacture methamphetamine and, therefore, also guilty under Count II. In response, the state argues that the second element of Count II specifically requires that the defendant be *aware* of the nature and presence of pseudoephedrine in order for the state to prove possession with the intent to manufacture metham-

phetamine. It argues that awareness of the presence of pseudoephedrine is not an element of the crime of attempting to manufacture methamphetamine.

In *State v. Brown,* the court held that the crimes of possession of and manufacturing of marijuana required different elements and, as such, convictions for both crimes did not violate double jeopardy. 750 S.W.2d 139, 142 (Mo.App.1988). The court determined that to convict a defendant for possession, the state must prove that he had knowledge of the presence and nature of the substance, while to be convicted of manufacturing, the state had the burden of showing the planting, cultivation, growing or harvesting of marijuana. *Id.* In another case, also titled *State v. Brown,* the court rejected the argument that the defendant's double jeopardy rights were violated because she was convicted of the separate crimes of possession and manufacturing marijuana. 750 S.W.2d 715, 717 (Mo.App.1988). Dismissing the defendant's argument, the court ruled that the charge of possession requires knowledge of the presence and nature of the controlled substance, while manufacturing consists of promoting the growth of the plant. *Id. See also Villa–Perez,* 835 S.W.2d at 904 (ruling that possession and transportation of marijuana are separate offenses); *Wright v. State,* 764 S.W.2d 96, 98 (Mo.App.1988) (finding that conviction of stealing a controlled substance and possession of that controlled substance does not violate the prohibition of double jeopardy).

■ The crime of attempting to manufacture methamphetamine, as submitted in the state's instruction, requires that the state must prove the defendant: (1) took substantial steps toward the commission of the offense; and (2) that the defendant engaged in such conduct with the purpose of committing such offense. Section 195.211; *State v. Withrow,* at 80–81 (citing *State v. Molasky,* 765 S.W.2d

597, 601 (Mo. banc 1989)). A "substantial step" is defined as "conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." Section 564.011.1. The crime of possession of pseudoephedrine with the intent to manufacture methamphetamine requires that the state must prove that the defendant: (1) possessed the pseudoephedrine; (2) was aware of its presence; and (3) possessed it with intent to manufacture methamphetamine. Section 195.246.1, RSMo Cum.Supp.1996; *State v. O'Brien*, 5 S.W.3d 532, 533 (Mo. App.W.D. 1999). Intent to manufacture may be proven by evidence that the defendant planned to manufacture methamphetamine or knew how to manufacture methamphetamine, *State v. O'Brien*, slip op. at 2, or that the defendant possessed pseudoephedrine for the purpose of giving it to another person to make methamphetamine. *State v. Edgar*, 2 S.W.3d 896, 899 (Mo.App.1999).

■ Therefore, an attempt to manufacture methamphetamine requires conduct strongly corroborative of the act of producing methamphetamine. We find no case law which requires proof that the defendant possessed pseudoephedrine to support a conviction for an attempt to manufacture methamphetamine. Conversely, possession of pseudoephedrine requires proof that the defendant possessed pseudoephedrine with some kind of intent that it would be used to make methamphetamine. It does not require evidence that the defendant was actively engaging in the process of manufacturing methamphetamine. Since the crime of possession of pseudoephedrine with the intent to manufacture contains an element not contained in the crime of attempting to manufacture methamphetamine, and the crime of attempting to manufacture methamphetamine contains an element not contained in the crime of possession of pseudoephedrine with the intent to manufacture, double jeopardy is not implicated. *State v. McTush*, 827 S.W.2d at 188. Point denied.

■ Finally, the defendant maintains that the trial court erred in failing to *sua sponte* declare a mistrial when the police officers testified that the defendant requested to speak with an attorney. He argues that the officers' testimony was an impermissible comment on his guilt and violated his right to remain silent under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the Missouri Constitution. *See State v. Martin*, 797 S.W.2d 758, 764 (Mo.App.1990). Factually, the issue developed when the defendant asked for a telephone book in order to call an attorney. Ms. Adams directed one of the officers to the kitchen for the phone book for the defendant. While in the kitchen, the officer found the additional drugs that the defendant admitted were his. Again, we are requested to review this point pursuant to Rule 30.20, because trial counsel neither objected to the testimony nor raised it in the post-conviction motion. The state suggests that we decline review because the defendant was not manifestly prejudiced in that: (1) two of the four comments made by the officers were elicited by the defense; (2) the state did not use the testimony to imply the defendant's guilt; (3) the state did not pursue or comment on the testimony; (4) the testimony was only elicited in a casual way; and (5) there was overwhelming evidence of the defendant's guilt.

The defendant waived this claim of error by failing to object and by continuing to question both officers on cross-examination on the subject. No request was made for a curative instruction nor was any other relief sought. If there was an error, it was affirmatively waived. *State v. Green*, 798 S.W.2d 498, 504 (Mo.App.1990) (citing *State v. Delgado*, 774 S.W.2d 549, 550–51 (Mo.App.1989)).[5]

The judgment is affirmed.

BRECKENRIDGE, P.J., C.J., and HOWARD, J., concur.

5. The primary case relied on by the defendant is State v. Flynn, in which the court ruled that the state's references to the defendant's post-arrest silence resulted in plain error. 875 S.W.2d 931 (Mo.App.1994). The prosecutor deliberately elicited the improper testimony, and then the prosecutor, in closing argument, attempted to imply the defendant's guilt based upon his silence. *Id.* at 936. Our gratuitous review of the testimony here shows that the evidence was not offered to establish, directly or by implication, the defendant's guilt.