**STATE of Missouri, Respondent,**

v.

**Debra L. ANGLE, Appellant.**

**No. WD 61936.**

Missouri Court of Appeals,
Western District.

Sept. 14, 2004.

Craig A. Johnston, Columbia, MO, for appellant.

Deborah Daniels, Jefferson City, MO, for Respondent.

Before EDWIN H. SMITH, P.J., HOLLIGER and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Debra Angle was convicted of four methamphetamine-related offenses and sentenced to concurrent four-year terms for each offense. On appeal, she asserts the charging document and jury instructions were defective, raises double jeopardy issues, and challenges the sufficiency of the evidence to support her convictions. We affirm in part, reverse in part, and remand.

## I. FACTUAL AND PROCEDURAL HISTORY

On March 13, 2002, Missouri Highway Patrol troopers noticed a car traveling slowly on I–29 in Buchanan County. The driver, Debra Angle, was signaled to pull over because the troopers determined the license plates were not registered to the vehicle.[1]

Angle was unable to produce a driver's license, but she consented to allow the troopers to search the vehicle. The search revealed a bottle of liquid fire, six boxes of cold medicine containing pseudoephedrine, two boxes of pickling salt, coffee filters, and a package of lithium batteries. The troopers recognized these as items commonly used to manufacture methamphetamine. Receipts in the car indicated the items had been purchased at four different stores earlier that day. The troopers arrested Angle and asked whether she had

---

1. The troopers later determined the vehicle was owned by Angle's daughter.

anything on her person. Angle gave the troopers a homemade pipe, comprised of a pen barrel and foil, which she described as a "tooter." The pipe tested positive for methamphetamine residue.

Upon later questioning at the Highway Patrol Station, Angle denied manufacturing methamphetamine but admitted that she routinely provided the manufacturing items to someone named "Kenny" in exchange for receiving methamphetamine. Angle gave the following written statement:

Today I was told by two highway patrol on I–29 they found product to make meth, which I was asked a long time ago to go buy in exchange for ready-made meth by a guy named Kenny.

I buy it and put it in a trash bag and put it under the last bridge on Polk Road in Union Star. Someone picks it up and leaves the meth and I pick it up. I have been putting product under the bridge once or twice a month on Wednesdays for the past six months and Kenny picks it up and leaves me one or two grams.

The troopers conducted surveillance in the area Angle described, but no one came to pick-up items left under the bridge.

An Amended Information charged Angle with four counts: Count I, possession of a chemical (sulfuric acid) with intent to manufacture methamphetamine, § 195.420;[2] Count II, conspiracy to manufacture methamphetamine, § 564.016, R.S.Mo.2000; Count III, possession of pseudoephedrine with intent to manufacture methamphetamine, § 195.246; and Count IV, possession of drug parapherna-

lia (lithium batteries) with intent to manufacture methamphetamine, § 195.235.

Angle filed a pretrial motion to dismiss Counts III and IV on grounds of double jeopardy. She argued the possession charges in Counts III and IV were lesser-included offenses of the Count I possession charge and sought to impose multiple punishment for the same offense. Because all of the charges arose from her single alleged act of possessing items used to manufacture methamphetamine, Angle argued her possession of each individual item—the sulfuric acid, pseudoephedrine, and lithium batteries—could not be charged as separate offenses. The trial court denied the dismissal motion.

At trial, the State presented testimony from the troopers who arrested Angle, searched her vehicle, and took her written statement. Angle testified in her own defense, admitting she purchased the items found in her car but denying the remainder of her written statement.

The jury found Angle guilty on all four charges. She was sentenced, as a prior drug offender, to concurrent four-year prison terms on each count. Angle brings several points on appeal.

## II. DEFECTIVE INFORMATION AND JURY INSTRUCTIONS

As charged in Count IV, Angle was convicted of possessing lithium batteries, as drug paraphernalia, with the intent to manufacture methamphetamine in violation of Section 195.235. Angle contends the court erred in accepting the guilty verdict on this charge because the factual allegations, in both the information and jury instructions, did not constitute a crime under the statute. She seeks plain

2. All statutory citations are to the Revised Statutes of Missouri, Cumulative Supplement 2002, unless otherwise noted.

error review based on her failure to raise this issue at the trial level. However, the issue ultimately raised here is whether the evidence is sufficient to support a conviction under Section 195.235. Thus, our review is limited to a determination of whether sufficient evidence was presented from which a reasonable juror could find the defendant guilty beyond a reasonable doubt. *State v. Washington,* 92 S.W.3d 205, 207 (Mo.App.2002)

■ When defects in a charging document are raised for the first time on appeal, the indictment or information will be deemed insufficient only if it is so defective that: (1) it does not by any reasonable construction charge the offense of which the defendant was convicted; or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced. *State v. Parkhurst,* 845 S.W.2d 31, 35 (Mo. banc 1992). In either event, the defendant must demonstrate actual prejudice. *Id.* Similarly, any instructional error must prejudice the defendant. *State v. Bradshaw,* 81 S.W.3d 14, 24 (Mo.App.2002).

■ Section 195.235 provides in relevant part:

It is unlawful for any person to deliver, possess with intent to deliver, or manufacture, with intent to deliver, drug paraphernalia, knowing . . . that it will be used to . . . manufacture . . . a controlled substance[.]

The statute criminalizes: (1) the delivery of drug paraphernalia; (2) possession with intent to deliver drug paraphernalia; and/or (3) the manufacture with the intent to deliver drug paraphernalia for use in manufacturing a controlled substance. Section 195.235 extends beyond merely prohibiting the possession of drug paraphernalia with the intent to manufacture drugs. The *delivery of* or *intent to deliver*

drug paraphernalia is a required element of proof for an offense under this statute.

The State originally conceded (in Respondent's Brief) that the trial court erred in convicting Angle under Section 195.235 because there were no facts alleged in the information or submitted in the jury instruction regarding the required element of delivery. The State agreed Angle was prejudiced by the error and that the Count IV conviction should be reversed. However, the State subsequently withdrew that concession and argued in a motion for rehearing that the defects in the charging document and verdict director were statutory citation errors that did not prejudice Angle. We granted rehearing, in part, to address this issue.

The State now asserts it incorrectly cited Section 195.235 in the information and that the factual allegations actually stated an offense under Section 195.233. The State contends the facts in the charging document and instructions were sufficient to apprise the defendant and jury of the necessary elements for unlawful drug paraphernalia possession under Section 195.233. The State suggests we should affirm the Count IV conviction because the evidence and the jury's findings were sufficient to convict Angle of that offense.

■ Section 195.233 provides it is "unlawful for any person to use, or possess with intent to use, drug paraphernalia to . . . manufacture . . . a controlled substance." In charging Angle under Count IV, the State alleged that she "possessed drug paraphernalia with the intent to manufacture methamphetamine." Although the information cited the incorrect statute (Section 195.235), we find the allegations were sufficient to apprise Angle of facts supporting a charge under Section 195.233. The verdict director on Count IV instructed the jury to consider whether Angle "possessed the lithium batteries knowing

they would be used as drug paraphernalia to manufacture a controlled substance, methamphetamine." These facts adequately set forth the elements of a Section 195.233 offense. The jury's conviction on Count IV indicates it found the facts necessary to satisfy the possession and intent elements of a violation under Section 195.233.

■ Citing an incorrect statute or omitting a statutory reference does not necessarily render an information fatally deficient. *State v. Boyd*, 927 S.W.2d 385, 390 (Mo.App.1996). The test for sufficiency is whether the information contains all essential elements of the offense and clearly apprises the defendant of the facts constituting the offense. *Id.* at 389–90. Here, the factual allegations and evidence were clearly sufficient to convict Angle under Section 195.233 despite the State's failure to cite that statute. Angle is unable to show any prejudice because the omission of the correct statute did not deprive her of the opportunity to assert any defenses that were not also available under Section 195.235. *State v. Taylor*, 929 S.W.2d 209, 218 (Mo. banc 1996).

■ The trial court entered the judgment of conviction on Count IV based on a violation of Section 195.235. This conviction must be reversed as the State failed to charge, instruct the jury, or prove that Angle delivered or intended to deliver drug paraphernalia as required under that statute. However, there is substantial evidence in the record to support a finding of guilt under Section 195.233, because the jury clearly found that Angle possessed drug paraphernalia with the intent to manufacture methamphetamine. Pursuant to Rule 84.14, we have authority to enter judgment on a conviction supported by the record. *State v. Washington*, 92 S.W.3d at 210. Accordingly, we reverse the Count IV conviction under Section 195.235 and enter a conviction for violation of Section 195.233. The cause is remanded for re-sentencing on Count IV.

## III. Double Jeopardy

### A. Possession Offenses

■ Angle asserts the trial court erred in accepting the guilty verdict on the Count III violation of Section 195.426, for unlawful possession of pseudoephedrine, because that charge was a lesser-included offense of the Count I violation of Section 195.420, for unlawful possession of chemicals proven to be precursor ingredients of methamphetamine. Angle contends the court infringed her constitutional rights against double jeopardy by imposing multiple punishment for the same offenses under Counts I and III.

■■ Protections against double jeopardy arise from the Fifth Amendment to the United States Constitution, which provides: "... nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." This provision, pursuant to the Fourteenth Amendment, prohibits states from imposing multiple punishments for the same offense. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The application of double jeopardy raises a question of law, which we review *de novo*. *State v. Mullenix*, 73 S.W.3d 32, 34 (Mo. App. W.D.2002).

■ "Three distinct abuses are prevented by the Double Jeopardy Clause: (1) a subsequent prosecution for the same offense after acquittal; (2) a subsequent prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." *Id.* at 34–35. In the multiple punishment context, the application of double jeopardy is "limited to ensuring that the total punishment did not exceed that authorized by the legislature."

*State v. Owens,* 849 S.W.2d 581, 584 (Mo. App. W.D.1993). A defendant may be convicted of more than one offense based on the same conduct if the legislature intended to punish the conduct under more than one statute. *State v. McTush,* 827 S.W.2d 184, 186 (Mo. banc 1992). The legislative intent regarding cumulative punishment is determined by examining the relevant statutes. *State v. White,* 14 S.W.3d 121, 125 (Mo.App. W.D.2000).

On Count I, Angle was convicted of possessing a chemical, sulfuric acid, with the intent to create methamphetamine in violation of § 195.420.1, which states:

> It is unlawful for any person to possess chemicals listed in subsection 2 of section 195.400, or reagents, or solvents or any other chemicals proven to be precursor ingredients of methamphetamine or amphetamine, ... with the intent to manufacture, compound, convert, produce, process, prepare, test, or otherwise alter that chemical to create a controlled substance or a controlled substance analogue in violation of sections 195.005 to 195.425.

Sulfuric acid is one of thirty-six chemicals listed in Section 195.400.2 that can support an unlawful possession charge under Section 195.420. Pseudoephedrine is also one of the listed chemicals, but the State sought to convict Angle for possession of that ingredient under a different statute than Section 195.420. On Count III, Angle was charged and found guilty of possessing pseudoephedrine in violation of Section 195.246.1, which provides:

> It is unlawful for any person to possess any methamphetamine precursor drug with the intent to manufacture amphetamine, methamphetamine or any of their analogs.

Pseudoephedrine is defined as a methamphetamine precursor drug, consistent with the Count III charge against Angle. § 195.010(25).

While Section 195.420 and Section 195.246 both make it unlawful to possess pseudoephedrine, neither statute addresses whether cumulative punishment can be imposed. Thus, we turn to the general statute, Section 556.041, R.S.Mo.2000, regarding convictions for multiple offenses, which provides:

> When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if ... one offense is included in the other, as defined in section 556.046[.]

The general statute permits cumulative punishment if one offense is not a lesser-included offense of the other offense. As defined in Section 556.046, a lesser-included offense is one that is "established by proof of the same or less than all the facts required to establish the commission of the offense charged."

The elements to prove possession of pseudoephedrine are the same under Section 195.420 and Section 195.246. Angle argues she could not be separately convicted of possessing pseudoephedrine in Count III because that charge was a lesser-included offense of the Section 195.420 possession charge in Count I. She further contends the State could not have brought separate charges against her for possession of pseudoephedrine and sulfuric acid under Section 195.420 because that statute makes it unlawful to possess "chemicals" proven to be methamphetamine precursors. Based on the plural form of the term "chemicals", Angle asserts the legislature did not intend to allow multiple prosecutions for each chemical possessed in violation of the statute. Thus, she contends her alleged possession of sulfuric acid and pseudoephedrine, as precursor

ingredients, could only be charged as a single course of conduct and did not give rise to separate offenses under the statutory language.

■ Angle's argument ignores other relevant language in the statute. Our interpretation of Section 195.420 must be derived from the plain and ordinary language of the statute. *State v. Wilson,* 55 S.W.3d 851, 856 (Mo.App. W.D.2001). We do not limit our review to "one or two sentences, but must consider the words of the entire statute." *Id.* Section 195.420 makes it "unlawful for any person to possess chemicals listed in [Section 195.400.2] . . . with the intent to manufacture . . . or otherwise alter *that chemical* to create a controlled substance." (emphasis added) While the plural term "chemicals" is used to refer to a list of ingredients that may be unlawfully possessed, the statute further defines the offense by criminalizing the possession of any one chemical with the intent to produce methamphetamine. The singular use of the phrase "that chemical" indicates the legislature's intent to allow separate prosecution for each chemical ingredient possessed.

In *State v. Williams,* 542 S.W.2d 3, 5 (Mo.App.1976), the defendant argued that he could not be convicted on separate charges of possessing marijuana and heroin under a statute prohibiting the possession of "any controlled or counterfeit substance." The court of appeals denied his double jeopardy claim, holding that the term "any" was evidence of legislative intent to make possession of each controlled substance an unlawful act.[3] *Id.*

The statutory language of Section 195.420 more clearly allows multiple prose-

cutions than the provision interpreted in *Williams.* By using the phrase "that chemical" in defining the criminal activity, the legislature gave notice that a defendant could be charged and punished for each chemical possessed with the intent to manufacture methamphetamine. Angle's possession of pseudoephedrine was not merely a lesser-included offense of the sulfuric acid possession charge because the two chemicals could have supported separate charges under Section 195.420. The State's decision to bring the pseudoephedrine charge under a different statute, Section 195.246, makes it no less appropriate. Given the legislature's intent to allow prosecution and punishment for each chemical element possessed, Angle's double jeopardy rights were not violated when she was convicted on Counts I and III.

Angle raises the same double jeopardy argument on her Count IV conviction for possession of lithium batteries as drug paraphernalia. She contends this possession offense was a lesser-included offense of the Count I conviction under Section 195.420 and, thus, she could not be convicted on both counts. Although we reversed her Count IV drug paraphernalia possession conviction under Section 195.235, her argument is equally applicable to the new judgment entered for unlawful possession under Section 195.233.

■ We have already determined that Section 195.420 permits prosecution for each type of chemical ingredient possessed with the intent to manufacture methamphetamine. Since there is no dispute that lithium batteries constitute a chemical ingredient,[4] Angle's alleged possession was properly charged as a separate offense in

---

3. This holding was distinguished, in *State v. Baker,* 850 S.W.2d 944, 948 (Mo.App. E.D. 1993), and its application was limited to drug possession cases.

4. See discussion in *State v. Condict,* 65 S.W.3d 6, 10–14 (Mo.App. S.D.2001), regarding lithium batteries as a precursor ingredient under Section 195.420.

addition to the sulfuric acid possession charge in Count I. No double jeopardy arises from the convictions on both Counts I and IV.

## B. CONSPIRACY OFFENSE

Angle also raises a double jeopardy claim with regard to her Count II conspiracy conviction. She contends the trial court plainly erred in entering judgment on the conspiracy and possession offenses (in Counts I and III) because Section 564.016.7 prohibits multiple punishment for both the actual commission of an offense and a conspiracy to commit that offense.

▆▆▆ Because Angle failed to preserve this claim for appeal, our review is discretionary under Rule 30.20. This rule allows us to review for "plain errors affecting substantial rights . . . when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. Plain error review involves two steps. First, we must decide whether the claim facially establishes an error that is evident, obvious, clear, and affected substantial rights. *State v. Gibson*, 122 S.W.3d 121, 125 (Mo.App. W.D.2003). If we find plain error, we may proceed to the second step and consider whether manifest injustice will result if the error is left uncorrected. *State v. Dudley*, 51 S.W.3d 44, 53 (Mo.App. W.D.2001).

▆▆▆ Angle's claim of plain error arises from a double jeopardy protection in the conspiracy statute, Section 564.016.7, which provides:

A person may not be charged, convicted or sentenced on the basis of the same course of conduct of both the actual commission of an offense and a conspiracy to commit that offense.

The fundamental purpose of Section 564.016.7 is "to prohibit the State only from convicting a person for conspiracy where there has been a conviction for the substantive offense which was the target of the conspiracy." *State v. Cornman*, 695 S.W.2d 443, 448 (Mo. banc 1985). The statute provides for the merger of the conspiracy into the conviction for that substantive offense. *Id.*

Pursuant to this merger statute, Angle argues a judgment of conviction could not be entered on the conspiracy count once the jury found her guilty of the possession offenses in Counts I and III. She contends the possession offenses arose from the same course of conduct and were done in furtherance of the conspiracy to provide "Kenny" with ingredients to manufacture methamphetamine. Because her agreement to obtain sulfuric acid and pseudoephedrine formed a basis for the conspiracy allegations, Angle asserts the trial court violated Section 564.016.7 by accepting verdicts for the actual commission of the possession offenses and a conspiracy to commit those possession offenses.

The State argues Section 564.016.7 was not violated because Angle was charged with conspiracy to manufacture methamphetamine. Since Angle was not charged, convicted, or sentenced for manufacturing methamphetamine, the State contends there was no merger and judgment was properly entered on the conspiracy conviction. However, this argument disregards the totality of the conspiracy count, which clearly included allegations that Angle agreed to obtain materials to manufacture methamphetamine. The Count II Felony Information stated:

. . . the defendant, with the purpose of promoting and facilitating the offense of manufacturing methamphetamines [sic] *agreed with Kenny LNU, that one or more of them would obtain precursors,* and in furtherance of the conspiracy, one

or more them obtained precursors to manufacture methamphetamine.

(emphasis added).

The Information alleges Angle was involved in a two-step conspiracy with Kenny. The purpose of the conspiracy was to: (1) to obtain methamphetamine precursor ingredients; and (2) to manufacture methamphetamine. Both steps involved an agreement to commit criminal offenses. Those two offenses, the possession of precursor ingredients and the manufacture of methamphetamine, were the targets of the conspiracy. The Information indicates the first target was achieved when one of the co-conspirators obtained the ingredients to manufacture methamphetamine. Pursuant to Section 564.016.7, Angle could not be punished for conspiring to possess the precursor ingredients because that offense was merged into the possession convictions on Counts I and III. Although the conspiracy count included allegations of a further agreement to manufacture methamphetamine, the fact remains that Angle's agreement to obtain precursor ingredients was a partial basis for her conviction and sentence on Count II.

The trial court plainly erred in entering judgment on the Count II conviction, thereby subjecting Angle to multiple punishment for conspiracy to possess precursor ingredients and the offense of actual possession. We exercise our discretion to review this error under Rule 30.20 because it affected substantial rights. The conspiracy conviction and sentence resulted in manifest injustice as a violation of Angle's constitutional right against double jeopardy. Accordingly, the judgment on Count II is reversed. This reversal obviates any need to address Angle's additional point regarding the insufficiency of the evidence to support the conspiracy conviction.

## IV. CONCLUSION

We affirm the convictions on Count I and Count III. The convictions on Counts II and Count IV are reversed. A new judgment of conviction is entered on Count IV for possession of drug paraphernalia with intent to manufacture methamphetamine in violation of Section 195.233. The cause is remanded for resentencing on Count IV.

All concur.