**STATE of Missouri, Respondent,**

v.

**Shane M. BEGGS, Appellant.**

**No. WD 64068.**

Missouri Court of Appeals,
Western District.

Dec. 13, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 2006.

Application for Transfer Denied
April 11, 2006.

trial court denied trial counsel's request for a continuance.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

Craig Johnston, Assistant State Public Defender, Columbia, MO, for Appellant.

Before EDWIN H. SMITH, C.J., and LOWENSTEIN and ELLIS, JJ.

EDWIN H. SMITH, Chief Judge.

Shane M. Beggs appeals the judgment of his convictions, after a jury trial in the Circuit Court of Carroll County, on Count I, of conspiracy to manufacture methamphetamine, § 564.016;[1] on Count II, of possession of methamphetamine, § 195.202; and, on Count III, of possession of a chemical with intent to create methamphetamine, § 195.420. As a result of his convictions, the appellant was sentenced, as a prior drug offender, § 195.275, to concurrent prison terms in the Missouri Department of Corrections of fifteen years on each count, which were ordered to run consecutively with sentences imposed in unrelated cases in Jasper, Greene, and Polk Counties.

The appellant raises four points on appeal. In Point I, he claims that the trial court plainly erred in overruling his motion for judgment of acquittal, as to Count I, conspiracy to manufacture methamphetamine, at the close of the State's and all the evidence, because the State failed, as a matter of due process, to make a submissible case on the requisite proof element that he had agreed with a third party to manufacture methamphetamine. In Point II, he claims that the trial court plainly erred in overruling his motion for judgment of acquittal, as to Count II, possession of methamphetamine, at the close of the State's and all the evidence, because the State failed, as a matter of due process, to make a submissible case on the requisite proof element that he "consciously and intentionally possessed the methamphetamine or that he had an awareness of the drug's presence and nature." In Point III, he claims that the trial court plainly erred in overruling his motion for judgment of acquittal, as to Count III, possession of lithium batteries with the intent to create methamphetamine, at the close of the State's and all the evidence, because the State failed, as a matter of due process, to make a submissible case on the requisite proof elements that: (1) he "intended for another person to convert or

---

1. All statutory references are to RSMo, 2000, unless otherwise indicated.

alter the lithium batteries to create methamphetamine"; or, (2) he "acted together with unknown third person with the purpose of promoting or furthering the conversion or alteration of the lithium batteries to create methamphetamine." In Point IV, he claims that the trial court plainly erred in entering its judgment convicting him of both Count I, conspiracy to manufacture methamphetamine, and Count III, possession of a chemical, with the intent to create a controlled substance, because it violated the double jeopardy protection of the conspiracy statute, § 564.016.7, prohibiting a person from being "charged, convicted or sentenced on the basis of the same course of conduct of both the actual commission of an offense and a conspiracy to commit that offense."

We affirm, in part, and reverse, in part.

### Facts

On August 11, 2003, the appellant was charged, by indictment, in the Circuit Court of Lafayette County, with one count of conspiracy to manufacture methamphetamine, § 564.016; one count of possession of methamphetamine, § 195.202; and one count of possession of a chemical substance with an intent to create methamphetamine, § 195.420. The charges arose from events occurring on July 11, 2003, and July 12, 2003.

At around 4 a.m. on July 11, 2003, Officer Gary Frisendorf of the Concordia, Missouri, Police Department, observed a 1985 Chevy Blazer running a stop sign and driving erratically. Officer Frisendorf pulled the car over and approached the driver, who turned out to be the appellant. Officer Frisendorf observed that the appellant seemed nervous so he asked him to step out of the vehicle. While exiting the vehicle, the appellant almost fell down. As a result, Officer Frisendorf thought the appellant was intoxicated, either from alcohol or drugs, so he had him perform numerous field sobriety tests. The appellant performed and failed the walk-and-turn test, the one-leg-stand test, the horizontal gaze nystagmus test, and the alphabet test. After failing these tests, Officer Frisendorf concluded that the appellant was under the influence of either alcohol or drugs, and arrested him.

After placing the appellant under arrest, Officer Frisendorf transported the appellant to the Concordia Police Station and performed a Breathalyzer test. The test indicated that he had not consumed any alcohol, so Officer Frisendorf asked him why he seemed impaired. The appellant admitted that he had smoked methamphetamine earlier in the evening. The appellant was then transported to the Lafayette County Jail.

Detectives Fred Alkire and Donnie Hammond of the Lafayette County Narcotics Unit interviewed the appellant. After being read his *Miranda* rights, the appellant explained to the two detectives how he had missed the Odessa exit and ended up driving to Concordia where he was arrested for driving under the influence of methamphetamine. The appellant then explained that he lived with his girlfriend, Michelle Gould, at 301 W. Ottway in Odessa, Missouri. He admitted that there were pseudoephedrine pills, lithium batteries, and methamphetamine at his apartment.

Later that same day, two narcotic agents with the Lafayette County Narcotics Unit, Don Barker and William Falls, executed a search warrant for the appellant's apartment. The apartment included two bedrooms, a living room, a bathroom, a kitchen, a large foyer, and a garage. In the garage, Barker and Falls found dozens of empty pseudoephedrine boxes, which would have held over 4,000 pseudoephedrine pills. In a closet, the agents found

twenty-two packages containing eighty-eight lithium batteries. In the master bedroom, they found a set of scales hidden in a flowerpot on top of the wardrobe. On the set of scales, they found a small amount of what was later determined to be methamphetamine.

The appellant's case proceeded to a jury trial in the Circuit Court of Carroll County, Missouri. At trial, Gould testified for the State. She testified that the appellant had moved in with her in late May or early June of 2003 and both of them had a "methamphetamine problem." After the appellant moved in, Gould testified that they began to go to stores to buy pseudoephedrine pills and lithium batteries with the intention of manufacturing their own methamphetamine. Gould also testified that she and the appellant had traded some of the pills for a gram and a half of methamphetamine, which they smoked. She further testified that the methamphetamine found on the scale was probably left over from the gram and a half that they had smoked.

At the close of the State's evidence, the appellant made a motion for a directed verdict of acquittal, which the trial court overruled. The appellant presented no evidence in his defense. The jury found the appellant guilty of all four offenses charged. The trial court subsequently sentenced the appellant to fifteen years on each count, to run concurrently.

This appeal follows.

### Plain Error Standard of Review

The appellant concedes that he did not properly preserve his claims of error for appellate review because he failed to file a motion for new trial in a timely fashion.

Hence, he requests plain error review, pursuant to Rule 30.20.[2]

█ Rule 30.20 provides, in pertinent part, that "[w]hether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or [a] miscarriage of justice has resulted therefrom." The plain error rule should be used sparingly and does not justify a review of every alleged trial error that has not been properly preserved for appellate review. *State v. Mickle*, 164 S.W.3d 33, 58 (Mo.App.2005). "In determining whether to exercise its discretion under plain error review, the appellate court looks to determine whether on the face of the appellant's claim substantial grounds exist for believing that the trial court committed a 'plain' error, which resulted in manifest injustice or a miscarriage of justice." *Id.* Plain error for purposes of Rule 30.20 is error that is evident, obvious, and clear. *Id.*

█ Plain error review involves two steps. First, the court must determine whether the trial court committed an evident, obvious and clear error, which affected the substantial rights of the appellant. *Id.* at 58–59. As in the case of review for "regular" error, not every obvious error found in plain error review mandates reversal. *Id.* at 59. In the case of review for "regular" error, to be reversible, the found error must have prejudiced the appellant. *Mickle*, 164 S.W.3d at 59. Likewise, in the case of review for plain error, the error must have prejudiced the appellant, except such prejudice must rise to the level of manifest injustice or a miscarriage of justice. *Id.* Thus, even if obvious and clear error is found in the first step of the

---

**2.** All rule references are to Missouri Rules of Criminal Procedure, 2005, unless otherwise    indicated.

review, the second step of plain error review requires the court to determine whether manifest injustice or a miscarriage of justice resulted therefrom. *Id.*

## I.

In both Points I and IV, the appellant attacks his conviction on Count I, conspiracy to manufacture methamphetamine. In Point I, he claims that the trial court plainly erred in overruling his motion for judgment of acquittal, as to Count I, at the close of the State's and all the evidence, because the State failed, as a matter of due process, to make a submissible case on the requisite proof element that he had agreed with a third party to manufacture methamphetamine. In Point IV, he claims that the trial court plainly erred in entering its judgment convicting him of both conspiracy to manufacture methamphetamine, Count I, and possession of a chemical with the intent to create a controlled substance, Count III, because it violated the double jeopardy protection of the conspiracy statute, § 564.016.7, prohibiting a person from being "charged, convicted or sentenced on the basis of the same course of conduct of both the actual commission of an offense and a conspiracy to commit that offense" in that the same course of conduct, the possession of lithium batteries, formed the basis for conviction as to both Counts I and III. Necessarily, if the appellant is successful on his claim in Point IV, his claim in Point I would be moot such that we would not have to address it. However, the appellant's claim in Point IV would be moot if we find for him on his claim in Point III in which he attacks the sufficiency of the evidence to convict as to Count III. This is so in that if the appellant's conviction on Count III is reversed for insufficient evidence to convict, there would not be an underlying offense with which to merge his conspiracy conviction in Count I. Hence, we will address the appellant's claim in Point III before we address his claim in Point IV. If the appellant loses on Point III, we will address Point IV. If he wins on Point IV, Point I will then be moot; but if he loses on Point IV, we will address Point I. If the appellant wins on Point III, Point IV will be moot, and we will address Point I.

■ In Point III, the appellant claims that the trial court plainly erred in overruling his motion for judgment of acquittal, as to Count III, possession of lithium batteries with the intent to create methamphetamine, § 195.420, at the close of the State's and all the evidence, because the State failed, as a matter of due process, to make a submissible case on the requisite proof elements that: (1) he "intended for another person to convert or alter the lithium batteries to create methamphetamine"; or, (2) he "acted together with unknown third person with the purpose of promoting or furthering the conversion or alteration of the lithium batteries to create methamphetamine." Specifically, he claims that the State failed to make a submissible case of accomplice liability on the offense charged in that there was no evidence that either he, Gould, or an unknown third person intended to convert or otherwise alter the lithium batteries to create methamphetamine or that he acted together with Gould or an unknown third person with the purpose of promoting or furthering the conversion or alteration of the batteries. We disagree.

■ The question of sufficiency arises before the case is put to the jury and is really an issue of whether the case should have been submitted to the jury. *Mickle,* 164 S.W.3d at 41 *(quoting State v. Johnson,* 62 S.W.3d 61, 69–70 (Mo.App.2001)). "Therefore, any guilty verdict subsequently rendered by the jury is wholly irrelevant to the question of whether the case

was sufficient to go to the jury at all." *Id.* "The Court's review is limited to determining whether the evidence is sufficient to persuade any reasonable juror as to each of the elements of the crime, beyond a reasonable doubt." *Id.* In determining whether the State made a submissible case, our review is limited to determining whether the evidence is sufficient for a reasonable jury to infer each and every element of the offense charged. *Id.* Thus, we do not weigh the evidence but view it in a light most favorable to the State. *Id.* To that end, all evidence supporting the jury's verdict is taken as true, and all evidence to the contrary is ignored. *Mickle,* 164 S.W.3d at 41.

In Count III, the appellant was charged with possession of lithium batteries with intent to manufacture methamphetamine, in violation of § 195.420.1, which reads:

It is unlawful for any person to possess chemicals listed in subsection 2 of section 195.400, or reagents, or solvents, or any other chemicals proven to be precursor ingredients of methamphetamine or amphetamine, as established by expert testimony pursuant to subsection 3 of this section, with the intent to manufacture, compound, convert, produce, process, prepare, test, or otherwise alter that chemical to create a controlled substance.

At trial, the State, in accordance with § 195.420.1, .3, introduced expert testimony to show that the lithium contained in lithium batteries is a precursor ingredient of methamphetamine making it unlawful, pursuant to § 195.420.1, to possess such batteries with an intent to manufacture methamphetamine. *See State v. Todd,* 70 S.W.3d 509, 528 (Mo.App.2002); *State v. Condict,* 65 S.W.3d 6, 10 (Mo.App.2001). ▮▮▮ Count III was submitted to the jury on a theory of accomplice liability, pursuant to § 562.041, which reads, in per-

tinent part: "A person is criminally responsible for the conduct of another when ... [e]ither before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense." As to accomplice liability, "Missouri has eliminated the distinction between principals and accessories, and now, all persons who act in concert to commit a crime are equally guilty." *State v. Wurtzberger,* 40 S.W.3d 893, 895 (Mo. banc 2001). To make a submissible case of accomplice liability, the State has to show that the defendant "associated himself with the venture or participated in the crime in some manner," but does not have to show that he "personally committed every element of the crime; mere encouragement is enough." *State v. Neel,* 81 S.W.3d 86, 91 (Mo.App.2002). "Any evidence that shows affirmative participation in aiding the principal to commit the crime is sufficient to support a conviction. The law imputes to [the defendant] the criminal agency of his accomplices." *Id.* (citation omitted).

▮▮▮ As charged and submitted to the jury, on the theory of accomplice liability, to convict the appellant of creation of a controlled substance, pursuant to § 195.420.1, the State was required to show that: (1) either he or Gould possessed lithium batteries with the intent to create methamphetamine; and, (2) with the purpose of promoting or furthering the creation of methamphetamine, he acted together with Gould with the intent to manufacture methamphetamine. *Todd,* 70 S.W.3d at 520. While the appellant does not challenge the sufficiency of the evidence to show that either he or Gould, or both, possessed lithium batteries, he does challenge the sufficiency of the evidence to show that either he or she had the requi-

site intent to create methamphetamine and that he acted in concert with Gould to further that purpose. Hence, for the State to make a submissible case on Count III, there had to be evidence in the record from which the jury could have inferred reasonably that Gould possessed lithium batteries with an intent to manufacture methamphetamine and that with the purpose of promoting that criminal endeavor, the appellant acted in concert with Gould with an intent to manufacture methamphetamine. The intent to manufacture methamphetamine may be proven by showing that either the defendant himself intended to manufacture methamphetamine or that he gave it to a third person to make. *State v. White,* 14 S.W.3d 121, 127 (Mo.App.2000); *State v. Edgar,* 2 S.W.3d 896, 899 (Mo.App.1999). Here, there is evidence from which the jury could have reasonably inferred either scenario.

Gould testified that both she and the appellant had methamphetamine "problems" and that they had purchased the lithium batteries and pseudoephedrine pills shortly after he moved in with her, with the initial intent to manufacture methamphetamine. She further testified that she knew that the lithium batteries and pseudoephedrine pills were used in the manufacture of methamphetamine and that they later decided to trade the batteries and pseudoephedrine for methamphetamine and cash. The record reflects that when the appellant was told by the police that he was going to be charged with conspiracy to manufacture methamphetamine, he responded, "You must have found the batteries." This clearly demonstrates that he knew that the lithium batteries could be used to manufacture methamphetamine. Gould also testified that the appellant was with her when she traded the pseudoephedrine pills for methamphetamine and cash. She testified that the batteries

were not traded because she could not find them. From this evidence, a jury could have reasonably inferred that either Gould and the appellant possessed the lithium batteries with an intent to manufacture methamphetamine themselves or that they did so with an intent to trade them to a third party, who they knew would use them for the manufacture of methamphetamine. This was sufficient for the jury to find that both Gould and the appellant possessed the lithium batteries with an intent that they be used to manufacture methamphetamine, which obviously was sufficient for the State to make a submissible case of accomplice liability against the appellant on Count III. As such, we decline plain error review of the claim in this point in that it is readily apparent that there is no merit to the appellant's claim in this point.

Point denied.

Having found in Point III that the evidence was sufficient to make a submissible case against the appellant on Count III, we now turn to Point IV.

## II.

In Point IV, the appellant claims that the trial court plainly erred in entering its judgment convicting him of both conspiracy to manufacture methamphetamine, Count I, and possession of a chemical with the intent to create a controlled substance, Count III, because it violated the double jeopardy protection of the conspiracy statute, § 564.016.7, prohibiting a person from being "charged, convicted or sentenced on the basis of the same course of conduct of both the actual commission of an offense and a conspiracy to commit that offense." Specifically, he claims that the double jeopardy protection of the conspiracy statute, § 564.016.7, was violated in that the same course of criminal conduct, pos-

session of the lithium batteries with the intent to manufacture methamphetamine, formed the basis for conviction as to both Counts I and III. We agree.

In *State v. Cornman*, the Missouri Supreme Court recognized the general rule, that "a conspiracy to commit a crime, and the crime that is the object of the conspiracy, are separate and distinct offenses, and a defendant may be convicted of, and sentenced for, each offense." 695 S.W.2d 443, 447 (Mo. *banc* 1985). However, it also recognized that the General Assembly, "through the enactment of § 564.016.7 ..., has a stated policy that a person shall not be convicted or sentenced on the basis of the same course of conduct for both the actual commission of an offense and a conspiracy to commit that offense." *Id.* Section 564.016.7 reads, in pertinent part: "[a] person may not be charged, convicted or sentenced on the basis of the same course of conduct of both the actual commission of an offense and a conspiracy to commit that offense." "The fundamental purpose of Section 564.016.7 is 'to prohibit the State only from convicting a person for conspiracy where there has been a conviction for the substantive offense which was the target of the conspiracy.'" *State v. Angle*, 146 S.W.3d 4, 13 (Mo.App.2004) (*quoting Cornman*, 695 S.W.2d at 448). "The statute provides for the merger of the conspiracy into the conviction for that substantive offense." *Id.*

In claiming that § 564.016.7 clearly prohibited the trial court from entering a judgment of conviction against him on both Counts I and III, the appellant contends that the target of the conspiracy charged in Count I, conspiracy to manufacture methamphetamine, was achieved in convicting him on Count III, possession of the lithium batteries with an intent to manufacture methamphetamine. The State contends, however, that § 564.016.7 did not prohibit the appellant's conviction on both counts in that the appellant was not charged with and convicted of conspiring to possess precursors to methamphetamine, in Count I, such that his conviction on Count III, for possessing lithium batteries with an intent to manufacture methamphetamine, did not achieve the target of the conspiracy charged in Count I. We agree with the appellant.

The same argument that the State makes in this case was made by the State in *State v. Angle*, 146 S.W.3d at 13. Like in the present case, the defendant there was charged with conspiracy to manufacture methamphetamine. In so charging the defendant, the State alleged that "in furtherance of the conspiracy, one or more of [the defendant and the person with whom he had allegedly agreed to obtain precursors] obtained precursors to manufacture methamphetamine." *Id.* at 13–14. Similarly, in the present case, the State in charging the appellant in Count I with conspiracy to manufacture methamphetamine alleged that "in furtherance of the conspiracy the defendant and/or Michelle Gould acquired over 70 boxes of pseudoephedrine pills and transferred some of them to another member of the conspiracy and acquired 88 lithium batteries." In rejecting the State's argument in *Angle*, the court reasoned that there were two targets of the conspiracy charge: "(1) to obtain methamphetamine precursor ingredients; and (2) to manufacture methamphetamine[,]" the first of which was achieved when the defendant was convicted, under § 195.420, for possessing a chemical (sulfuric acid) with intent to manufacture methamphetamine, and was convicted, under § 195.246, for possession of pseudoephedrine with intent to manufacture. *Id.* at 13. Hence, the court held that the conspiracy charge, in Count II, had merged into the possession convictions

on Counts I and III, pursuant to § 564.016.7. *Id.* at 14.

Pseudoephedrine and lithium are both precursor ingredients to the manufacture of methamphetamine. Thus, in charging the appellant with conspiracy to manufacture methamphetamine, in Count I, the State, in alleging that "in furtherance of the conspiracy the defendant and/or Michelle Gould acquired over 70 boxes of pseudoephedrine pills and transferred some of them to another member of the conspiracy and acquired 88 lithium batteries," alleged, in effect, that in furtherance of the conspiracy, the appellant and/or Gould, like the defendant in *Angle,* obtained precursors to manufacture methamphetamine. Hence, in the case at bar, when the appellant was convicted, on Count III, under § 195.420, of possessing lithium batteries with an intent to manufacture methamphetamine, one of the targets of the conspiracy charge alleged in Count I was achieved such that § 564.016.7 caused Count I to merge into Count III so that the trial court was prohibited from entering a judgment convicting the appellant of both Counts I and III. *See Angle,* 146 S.W.3d at 14.

In attempting to distinguish *Angle,* the State contends that unlike in that case, the appellant here "was never charged with conspiring to obtain precursors." Neither was the defendant in *Angle.* 146 S.W.3d at 13–14. As *Angle* makes crystal clear, the issue, in determining whether § 564.016.7 was violated, is not whether the defendant was "charged" with the offense of conspiring to obtain precursors, but whether in charging a conspiracy to manufacture methamphetamine it was alleged that in furtherance of that conspiracy he and/or an accomplice obtained precursors, creating what the *Angle* court referred to as a "two-step" conspiracy,

creating two targets, which we discuss, *supra. Id.* at 14.

In *Angle,* the court found that the trial court's convicting the defendant on the conspiracy count, that had merged into the possession counts, pursuant to § 564.016.7, "resulted in manifest injustice as a violation of [the defendant's] constitutional right against double jeopardy," and reversed, pursuant to Rule 30.20. *Id.* Accordingly, we reverse the appellant's conspiracy conviction in Count I, rendering moot his claim in Point I, challenging the sufficiency of the evidence to make a submissible case on that count.

## III.

As to the appellant's remaining claim, he asserts, in Point II, that the trial court plainly erred in overruling his motion for judgment of acquittal, as to Count II, possession of methamphetamine, in violation of § 195.202, at the close of the State's and all the evidence, because the State failed, as a matter of due process, to make a submissible case on the requisite proof element that he "consciously and intentionally possessed the methamphetamine or that he had an awareness of the drug's presence and nature." We disagree.

As noted *supra,* in determining whether the State made a submissible case, our review is limited to determining whether the evidence is sufficient for a reasonable jury to infer each and every element of the offense charged. *Mickle,* 164 S.W.3d at 41 (*quoting Johnson,* 62 S.W.3d at 69–70). Thus, we do not weigh the evidence, but view in a light most favorable to the State. *Id.* To that end, all evidence supporting the jury's verdict is taken as true and all evidence to the contrary is ignored. *Id.*

In Count II of the information, the State charged the appellant with the class C felony of possession of a controlled sub-

stance, in violation of § 195.202, which reads, in pertinent part: "Except as authorized by sections 195.005 to 195.425, it is unlawful for any person to possess or have under his control a controlled substance." § 195.202.1. The State alleged that "between July 1, 2003, and July 11, 2003, ... the [appellant], acting either alone or knowingly in concert with another, possessed methamphetamine, a controlled substance, knowing of its presence and nature." Thus, to convict the appellant, as a principal in Count II, the State had to prove that he: (1) was in conscious and intentional possession of methamphetamine, either actual or constructive; and, (2) was aware of the presence and nature of the substance. *State v. Purlee*, 839 S.W.2d 584, 587 (Mo. *banc* 1992); *State v. Bacon*, 156 S.W.3d 372, 377 (Mo.App.2005). Both elements can be shown by circumstantial evidence. *Purlee*, 839 S.W.2d at 587. The appellant claims in this point that the State failed to make a submissible case as to both proof elements of § 195.202 such that it was plain error for the trial court to have overruled his motions for acquittal. The issue then for us is whether the evidence, when viewed in a light most favorable to the State, was sufficient to allow the jury to find both requisite proof elements.

"Possession," for purposes of § 195.202, is defined in § 195.010(34), which reads: **"Possessed" or "possessing a controlled substance"**, a person, with the knowledge of the presence and nature of a substance, has actual or constructive possession of the substance. A person has actual possession if he has the substance on his person or within easy reach and convenient control. A person who, although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in

constructive possession of it. Possession may also be sole or joint. If one person alone has possession of a substance possession is sole. If two or more persons share possession of a substance, possession is joint.

The State contends that the evidence was sufficient to make a submissible case of constructive possession of the methamphetamine. We agree.

▮▮▮▮▮ "[P]roof of constructive possession requires, at a minimum, evidence that defendant had access to and control over the premises where the substance was found." *Purlee*, 839 S.W.2d at 588. If the defendant has exclusive possession of the premises, an inference of possession of the substance is raised. *Id.; Bacon*, 156 S.W.3d at 378. However, if there is joint control of the premises, further evidence connecting the defendant to the substance is required to convict. *Purlee*, 839 S.W.2d at 588; *Bacon*, 156 S.W.3d at 378.

[B]eing a guest in the premises of another where drugs are found is not sufficient to sustain a conviction for possession of controlled substances. The State must present some incriminating circumstance that implies that the accused knew of the presence of the drugs and that the same were under his control.

*State v. Purlee*, 839 S.W.2d at 588. In *State v. Bacon*, this court stated that:

[s]ome of the types of additional evidence that may suffice to support a conviction where there is joint control of the premises are 'routine access to an area where such substances are kept, the presence of large quantifies of the substance at the scene where appellant is arrested, admissions of the accused, ... being in close proximity to drugs or drug paraphernalia in plain view of the police, [and the] mixture of defendant's personal belongings with the drugs.'

156 S.W.3d at 378. In cases of joint possession, the courts will examine the totality of the circumstances to determine whether the defendant had constructive possession of the controlled substance. *Mickle,* 164 S.W.3d at 44.

The record, in a light most favorable to the State, shows that on July 11, 2003, the appellant was stopped by Officer Frisendorf for running a stop sign and erratic driving in Concordia, Missouri, was arrested, and taken to the Concordia Police Station. Once there, the appellant submitted to a Breathalyzer test, which indicated he was not under the influence of alcohol. When asked why he appeared to be impaired, the appellant admitted that he had smoked methamphetamine. During a subsequent interview, he admitted that some of the methamphetamine he had been smoking was left at his apartment at 301 W. Ottway in Odessa, Missouri. Pursuant to a search warrant issued for the apartment, methamphetamine was found on a set of scales found in the master bedroom, which the appellant and Gould shared. From this, the jury could reasonably have inferred that the appellant would have had easy and routine access to the location where the methamphetamine was seized. More importantly, Gould testified that the methamphetamine found on the scales was "probably" left over from the gram and a half that she and appellant had purchased and used together. And, the appellant admitted to the police that some of the methamphetamine he had been smoking was left in his apartment. From this, the jury could reasonably have inferred that the appellant intended to exercise control over the methamphetamine that was seized. *See State v. Elmore,* 43 S.W.3d 421, 427 (Mo.App.2001). In addition, the jury could reasonably have inferred from this evidence that the appellant was aware of the presence and nature of the sub-stance found on the scales as being methamphetamine.

Given the apparent sufficiency of the evidence to make a submissible case on Count II, we decline plain error review.

Point denied.

## Conclusion

For the foregoing reasons, we affirm the appellant's convictions as to Counts II and III, but reverse as to his conviction on Count I.

LOWENSTEIN and ELLIS, JJ., concur.