

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED105967 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Monroe County |
| vs. | ) | |
| | ) | Honorable David C. Mobley |
| ANTHONY R. VILLEME, | ) | |
| | ) | |
| Appellant. | ) | FILED: May 14, 2019 |

## Introduction

Anthony R. Villeme ("Villeme") appeals from the trial court's judgment following a jury trial convicting him of elder abuse in the first degree. Villeme raises two points on appeal. Villeme first contends that the trial court erred in refusing his consent-defense jury instruction. Villeme next argues that the trial court erred in not allowing Villeme the opportunity to argue in support of his motion for acquittal at the close of all evidence. Because Villeme failed to append the refused jury instruction, his first point is not preserved and our review is thereby precluded. Because Villeme neither made an affirmative request to further argue the acquittal motion nor advanced arguments distinct from his acquittal motion at the close of the State's evidence, we deny his remaining point. Accordingly, we affirm the judgment of the trial court.

## Factual and Procedural History

The facts of the case arose from an ongoing dispute between Villeme and his seventy-four year-old neighbor ("Victim"). On the day of the incident, Villeme's children were harassing Victim's wife while she rode her bicycle. While Victim's wife went to the police department to report the harassment, Victim approached Villeme's house and chastised Villeme's children. Villeme and Victim argued. The altercation culminated in Villeme twice punching Victim in the face, knocking Victim to the ground. Victim was taken to the hospital. The police then arrested Villeme.

The State charged Villeme with elder abuse in the first degree, and the case proceeded to a jury trial. At the close of the State's evidence, Villeme moved for acquittal. Villeme requested to orally argue the motion, and the trial court permitted him to do so. Villeme maintained that the State did not meet its evidentiary burden to prove he attempted to cause Victim serious physical injury. The trial court denied the motion. At the close of all evidence, Villeme again moved for acquittal. Villeme's written motion asserted generally that the evidence was insufficient to sustain a conviction on the charged offense. The trial court acknowledged the motion, and Villeme did not affirmatively request to argue the motion orally. The trial court denied the motion. Villeme did not object.

At the jury instruction conference, Villeme proposed an instruction on consent as a defense. The trial court rejected the instruction, acknowledging that it had reviewed the consent issue and was disinclined to give the instruction. The trial court proceeded to instruct the jury on elder abuse in the first degree, as well as the lesser-included offenses of second-degree and third-degree assault.

The jury convicted Villeme of elder abuse in the first degree. The sentencing court sentenced Villeme to ten years in prison. Villeme now appeals.

## Points on Appeal

Villeme raises two points on appeal. In Point One, Villeme asserts that the trial court abused its discretion in refusing to submit Villeme's proposed jury instruction for consent as a defense. In Point Two, Villeme alleges that the trial court erred in refusing to allow him to orally argue his motion for acquittal at the close of all evidence.

## Standard of Review

We have discretion to review an unpreserved claim for plain error when "the claimed error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." State v. Clay, 533 S.W.3d 710, 714 (Mo. banc 2017) (quoting State v. Brown, 902 S.W.2d 278, 284 (Mo. banc 1995)) (quoting Rule 30.20[1]). To conduct plain-error review, we engage in a two-step process to determine: (1) whether the trial court committed an error affecting the substantial rights of the defendant that was "evident, obvious, and clear" and (2) if such error exists, whether the error rose to the level of creating manifest injustice or a miscarriage of justice. State v. Beggs, 186 S.W.3d 306, 311 (Mo. App. W.D. 2005) (internal citation omitted); see also State v. Stewart, 517 S.W.3d 680, 682 (Mo. App. S.D. 2017). If we find no error, then we need not determine whether the error resulted in manifest injustice. Stewart, 517 S.W.3d at 582.

## Discussion

## I.     Point One—Instructional Error

We preliminarily address the State's contention that Villeme failed to preserve Point One for review by not including the refused jury instruction in the record on appeal. Rule 84.04.

---

[1] All Rule references are to Mo. R. Crim. P. (2016), unless otherwise indicated.

Rule 84.04 governs appellate briefing requirements for jury instructions. "If a point [on appeal] relates to the giving, refusal or modification of an instruction, such instruction shall be set forth in full in the argument portion of the brief." Rule 84.04(e). Rule 84.04 additionally sets out that an appellant must file an appendix to the brief containing "[t]he complete text of any instruction to which a point relied on relates." Rule 84.04(h). Noncompliance with Rule 84.04's requirement to provide the Court with the refused instruction fails to preserve the issue for appellate review. Daniel v. Indiana Mills & Mfg., Inc., 103 S.W.3d 302, 311 (Mo. App. S.D. 2003) (internal citation omitted).

We may nevertheless exercise discretion to review the merits of an instructional argument for plain error if the absence of the instruction does not prevent us from conducting a sufficient legal analysis. Burbridge v. Union Pac. R. Co., 413 S.W.3d 649, 653 n.3 (Mo. App. E.D. 2013); see also State v. Wells, 586 S.W.2d 354, 358 (Mo. App. E.D. 1979) (granting plain-error review of a trial court's refusal to give a pattern MAI-CR instruction). Illustratively, we have exercised our discretion to provide plain-error review where the appellant has merely failed to set forth the refused instruction duplicatively in both the appendix and in the argument portion of the brief. See e.g., Sheehan v. Nw. Mut. Life Ins. Co., 103 S.W.3d 121, 132 (Mo. App. E.D. 2002) (granting plain-error review where appellant failed only to set forth the challenged instruction in full in the argument portion of the brief but did append the instruction elsewhere in the record); McMullin v. Borgers, 806 S.W.2d 724, 727–28 (Mo. App. E.D. 1991) (same). In contrast, "[i]f a challenged instruction does not appear in the record, then this court is precluded from exercising its discretion to review for plain error." Chang v. Lundry, 117 S.W.3d 161, 163 (Mo. App. S.D. 2003) (citing Daniel, 103 S.W.3d at 311–12) (dismissing points on appeal for

4

failure to include the challenged instructions anywhere in the record); Howe v. ALD Services, Inc., 941 S.W.2d 645, 655 (Mo. App. E.D. 1997) (same).

Here, Villeme charges the trial court with error in refusing to instruct the jury on consent as a defense to elder abuse and to the lesser-included assault offenses. Villeme had submitted a non-Missouri Approved Instructions–Criminal ("MAI-CR") instruction to the trial court based on the statutory language of Section 565.080.[2] Section 565.080 provided, in pertinent part, that if certain conditions are met, a defendant charged with causing or threatening physical injury may offer the victim's consent to the defendant's conduct as a defense.[3] Section 565.080. On appeal, Villeme explains that he sought to present to the jury a defense theory that Villeme could not be found guilty of elder abuse, or the lesser-included assault offenses, because Victim had consented to Villeme's physical contact by verbally harassing Villeme and his children and making a threatening motion towards one of Villeme's children.

However, Villeme has not included the refused instruction in the record on appeal. Villeme neither appends the instruction for our review in an appendix nor includes the instruction in full in the argument portion of his brief as required by Rule 84.04. See Rule 84.04(e), (h). Because the instruction is wholly absent from the record, Villeme has not preserved his point for appellate review, and we are precluded from exercising our discretion to review for plain error. See Chang, 117 S.W.3d at 163; Daniel, 103 S.W.3d at 311; see also Sheehan, 103 S.W.3d at 132; McMullin, 806 S.W.2d at 727–28. Further, plain-error review would be inappropriate here because without the non-MAI-CR pattern instruction before us, we

---

[2] All statutory references are to RSMo (2016), unless otherwise indicated.

[3] "1. When conduct is charged to constitute an offense because it causes or threatens physical injury, consent to that conduct or to the infliction of the injury is a defense only if: (1) The physical injury consented to or threatened by the conduct is not serious physical injury; or (2) The conduct and the harm are reasonably foreseeable hazards of (a) The victim's occupation or profession; or (b) Joint participation in a lawful athletic contest or competitive sport; or (3) The consent establishes a justification for the conduct under chapter 563 of this code. 2. The defendant shall have the burden of injecting the issue of consent." Section 565.080.

are unable to provide sufficient legal analysis on whether Villeme's proposed instruction was in proper form and correctly stated the law. See Burbridge, 413 S.W.3d at 653 n.3; Wells, 586 S.W.2d at 358. Accordingly, Point One is denied.

## II.    Point Two—Acquittal Argument

In Point Two, Villeme contends that the trial court erred in failing to provide him the opportunity to argue his motion for acquittal at the close of all evidence. Because Villeme did not object to the trial court's ruling, we will review the point for plain error.[4] See Clay, 533 S.W.3d at 717 (internal quotation omitted) ("A claim of error is not wholly preserved absent a timely objection at trial.").

Critical to our determination of whether the trial court committed "evident, obvious, and clear" error by denying Villeme an opportunity to argue his acquittal motion, Villeme did not make an affirmative request for argument. See Beggs, 186 S.W.3d at 311. Indeed, the record does not support Villeme's assertion that the trial court refused to allow Villeme to argue the motion. The transcript contains no attempt by Villeme to interject a request to orally supplement his written motion for acquittal before the proceedings returned to open court. Thus, logically, we are not convinced that the trial court erred in denying a non-existent request for oral argument on Villeme's motion.

Villeme asks us to interpret the transcript of the trial court's ruling as a rushed affair in which Villeme had no chance to make a request for oral argument. However, we cannot

---

[4] We note that courts grant plain-error review for appeals challenging the sufficiency of the evidence in part because such claims affect a defendant's substantial right not to be convicted for an offense unless the State makes a prima facie case for conviction. See State v. May, 71 S.W.3d 177, 183 (Mo. App. W.D. 2002) (granting plain-error review of the defendant's sufficiency-of-the-evidence claim because whether the State met its burden to present a prima facie case sufficient to sustain a conviction on the charged offense affects a defendant's substantial rights). Here, we acknowledge the State's contention that Villeme does not challenge the sufficiency of the evidence on appeal. Notwithstanding, because Villeme's claim involves his intent to have further argued his acquittal motion—which implicates substantial rights by arguing that the State failed to prove each element needed for conviction—we exercise our discretion to review the claim for plain error. See id.; see also Clay, 533 S.W.3d at 714.

extrapolate the passage of time from a non-timestamped transcript. Moreover, while we appreciate Villeme's endeavor to accord the trial court due respect, which may have attributed to his failure to effectively request argument, it is incumbent on parties to interpose requests for argument and lodge objections on the record. See State v. Fondren, 810 S.W.2d 685, 687 (Mo. App. E.D. 1991) ("Appellant is under a duty to object to actions which he believes are improper at the earliest instance."). Villeme cites no case holding that a trial court errs by not sua sponte inviting oral argument on a written motion. On the contrary, Missouri courts recognize that the onus is on trial counsel to request argument on a motion. See State v. Jordan, 506 S.W.2d 74, 79 (Mo. App. S.L.D. 1974) (finding the trial court's failure to hold a hearing on an identification-suppression motion was not error where the defendant did not request such a hearing, and further noting the trial court was free to rule on the written motion and deny defendant's request to make an oral motion). Here, we will not hold the trial court responsible for Villeme's decision not to request argument on the acquittal motion.

Even if Villeme had requested and been denied the opportunity to argue the motion, a trial court reasonably may limit redundant oral argument on a motion. See Jake C. Byers, Inc. v. J.B.C. Invs., 834 S.W.2d 806, 821 (Mo. App. E.D. 1992). Villeme professes that the written motion for acquittal at the close of all evidence was mere boilerplate and too vague to be judged on its own, because it only stated that the State's evidence was insufficient to sustain a conviction of the offense charged. Villeme explains that when submitting the motion, he could not have predicted what evidence would be adduced at trial; however, Villeme had already argued a more nuanced approach in his motion for acquittal at the close of the State's case-in-chief. In that motion, Villeme challenged whether the State offered evidence to prove that Villeme attempted to cause Victim serious physical injury. Villeme emphasized the State's

7

failure to present evidence that Villeme used a weapon, but was unable to direct the trial court to any cases in which the use or threat of a weapon was a predicate to prove an attempt to cause serious physical injury. The trial court denied the motion. Given that Villeme's argument that the State failed to meet the element of intent already had been denied, and Villeme's testimony raised no new argument in which the State failed to satisfy its burden of proof, we cannot conclude that the trial court plainly erred by not inviting further argument on the motion for acquittal at the close of all evidence. See Jake C. Byers, Inc., 834 S.W.2d at 821; see also Stewart, 517 S.W.3d at 682.

Because Villeme made no affirmative request to argue the acquittal motion, Villeme has not satisfied the high bar of showing the trial court committed evident and obvious error under the plain-error standard. Rule 30.20; Stewart, 517 S.W.3d at 682; Beggs, 186 S.W.3d at 311. Point Two is denied.

## Conclusion

The judgment of the trial court is affirmed.

_____
KURT S. ODENWALD, Presiding Judge

Gary M. Gaertner, Jr., J., concurs.
Colleen Dolan, J., concurs.